UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  07-10234-01-MLB |
| | ) |
| STEPHEN J. SCHNEIDER,, | ) |
| d/b/a SCHNEIDER MEDICAL | ) |
| CLINIC | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM AND ORDER ON
GOVERNMENT'S REQUESTS FOR
<u>REVISION OF CONDITIONS OF RELEASE</u>**

On April 23, 2008, the Government filed a Motion for Reconsideration of Conditions of Release (Doc. 73) asking for revisions in the Conditions of Release set by the Court in its Memorandum and Order of April 21, 2008.  (Doc. 70.)  On April 24, 2008, the Court held a hearing on issues related to the release of Defendant, Stephen J. Schneider.  The Government appeared through Alan Metzger and Annette Gurney, Assistant U.S. Attorneys, and Defendant Stephen J. Schneider appeared through counsel Lawrence Williamson.

After considering the Government's written motion and hearing arguments of counsel, the Court modifies the Conditions of Release as follows.

**<u>Condition 1</u>:**   Defendant should have no objection to the Government's request since it would be in his benefit that any forfeited funds go to restitution rather than into

the Crime Victims' Fund or registry of the Court.  Therefore Condition 1 should be amended to state:

> Defendant shall execute an Agreement to Forfeit, upon failing to appear as required, all of the property identified on Exhibit 1 to the Government's Motion to Revoke Appointment of Counsel (Doc. 16-2, pp. 3-6) as Item No's 1-3, 5-13, 20 and 22-24.  The agreement shall be in substantially the same form as AO 100 (Rev. 11/07) (Agreement to Forfeit Property).  In the event Defendant fails to appear as required, and upon a finding of the Court of such failure to appear, Defendant further stipulates that all of his right, title and interest in the property identified on Exhibit 1 to the Government's Motion to Revoke Appointment of Counsel (Doc. 16-2, pp. 3-6) as Item No's 1-3, 5-13, 20 and 22-24 is forfeited to the United States and such forfeiture may be finalized and implemented in either Case No. 07-10234-MLB or Case No. 07-1119-MLB.    18 U.S.C. § 3142(c)(1)(B)(xi).

**Condition 2:**          In light of the other financial obligations placed on Defendant, including the obligation to compensate a custodian for the Clinic's patient records, the Court will not require a secured bond.  This condition remains as previously set.  Nor will the Court require Defendant to execute assignments or quit claim deeds to all of his property, including substitute property, as requested by the Government at the hearing.  As to substitute assets, such an order would, in effect, be similar to a pretrial restraint of substitute assets which the Tenth Circuit has prohibited.  *See* United States v. Jarvis, 499 F.3d 1198 (10th Cir. 2007).  As to assets for which forfeiture is specifically sought in the Indictment or in the separate civil proceeding, the Agreement to Forfeit Property should serve to minimize any difficulties the Government might have in accomplishing forfeiture if the Defendant does fail to appear.

**Condition 4:**           The Court will direct the Probation and Pretrial Services Office to

place Defendant's name on the "watch list" as requested.  Defendant should have no objection to placing his name on the "watch list" if he intends to comply with the travel restrictions set by the Court which prevents any travel to Mexico.  Since this is not truly a condition of release directed to conduct of Defendant, there is no need to modify the Conditions of Release to be signed by Defendant, and the Court will Order the Probation and Pretrial Services Office to place Defendant's name on the "watch list."

**Condition 6:** The Governments asks the Court to identify who would be a "victim" as identified in this condition, to specifically outline persons who cannot act on Defendant's behalf in an "indirect" approach to these persons, and what constitutes "contact."  The Government's request would not prevent Defendant's counsel from contacting victims assuming that these victims agree to talk with him.

The term "victim" is used in the standard form of conditions without any further definition.  The Crime Victim's Rights[1] 18 U.S.C. § 3771(e), defines "victim" as

> a person directly and proximately harmed as a result of the commission of a Federal offense . . . In the case of a crime victim who is . . . deceased . . . the representatives of the crime victim's estate, family members, or any other persons

---

[1] The Crime Victims Rights Act was subsequently included as Title I of the Justice For All Act of 2004, Pub.L. 108-405.  The Act outlines several rights to be accorded crime victims, including, *inter alia*: the right to be protected from the accused; the right to notice of any public court proceeding involving the crime or release of the accused; the right to be reasonably heard at any public court proceeding involving release, plea and sentencing; the reasonable right to confer with the attorney for the Government in the case; and the right to be treated with fairness and respect for the victim's dignity and privacy.  18 U.S.C. §§ 3771(a) (1), (2), (4), (5) and (8)

>   appointed as suitable by the court . . . may assume the crime
>   victim's rights under this chapter . . . .

See also, United States v. Turner, 376 F.Supp.2d 319, 325-27 (E.D.N.Y. 2005) (interpreting the definition of "victim" in 18 U.S.C. § 3771(e) "to include any person who would be considered a 'crime victim' if the government were to establish the truth of the factual allegations in its charging instrument.")  While it is easier in some cases to identify a person who might be considered a victim than in other cases, the Court cannot agree with the Government's argument that this condition of release should be read to include all of the Clinic's 10,000 patients as victims, or as the Government states, "potential victims."  For purposes of the Conditions of Release only, the Court will consider "victims" to be the family members or estate representatives of those patients of the Schneider Medical Clinic identified in the Indictment as having died of an alleged drug overdose in Attachment 1 to the Indictment (Doc. 2), and the family members or estate representatives of the three additional individuals who have died since the Indictment was handed down as identified in the Government's response to the Defendant's motion for bond.  See Doc. 45 at 18.[2]  Those family members or estate representatives shall not be contacted by Defendant in any manner,[3] directly or

---

[2] These three are identified as Rebecca T who died on December 24, 2007; Jane E who died on January 26, 2008; and John D who died in early February 2008. (Doc. 45 at 18.)

[3] The Court will not attempt to identify every possible type of contact with a patient that might fall within this condition.  Obviously, the normal meaning of the word contact would include both written contact and oral contact by any type of electronic

indirectly,[4] except that they may be contacted by Defendant's counsel, if the individuals agree to such contact.

All other patients are not included in the definition of "victim" in the Conditions of Release, and Defendant is not prohibited from contact with those patients provided: (1) any contact does not violate the other Conditions of Release set by the Court; (2) those patients contacted by Defendant willingly agree to speak with Defendant; and (3) any contact does not violate other federal laws, including specifically 18 U.S.C. § 1512.

The court's refusal to impose the Government's requested conditions does not leave the Government without a remedy should there be any harassment of any of the patients or family members or representatives or any other victims or witnesses. First, the trial court does have the inherent authority to limit a defendant's access to witnesses to prevent harassment or other wrongdoing. *See* United States v. Soape, 169 F.3d 257, 270 (5th Cir.), *cert. denied* 527 U.S. 1011 (1999) (court found *pro se* defendant's contact with witness to be "harassing and intimidating" and concluded that an order banning further contact with the witness did not rise to the level of a constitutional violation); United

---

means such as telephone, email, text messaging, etc.

[4] The Court realizes that the generic phrase "indirectly" is somewhat vague. It is intended, however, to prohibit Defendant from directing or authorizing any other person from making a contact on behalf of Defendant that he is prohibited from making under the Court's conditions of Release. The Court will not, however, specifically identify each and every such persons and if there are instances where such indirect contact is alleged to have occurred at Defendant's direction or with his authorization, the Court will deal with it on a case by case basis.

States v. Heatley, 994 F.Supp. 483, 489 (S.D.N.Y. 1998) (limiting defense access to prosecution witnesses where such contact would place the witness in "substantial and immediate risk.").

Also, the Government has a civil procedure available to it to obtain either a temporary restraining order or a protective order prohibiting any conduct that constitutes harassment or tampering with a witness or victim.  Under 18 U.S.C. § 1514(a)(1), the Government can apply for issuance of a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case.  *See e.g.,* United States v. Stewart, 872 F.2d 957, 961-63 (10th Cir. 1989).  The Government must, however, show specific facts by affidavit or verified complaint to establish that there are reasonable grounds to believe that harassment exists or that such an order is necessary to prevent and restrain an offense under 18 U.S.C. § 1512.[5]  *See* 18 U.S.C. § 1514(a)(1).  The district court may also, on the motion of the Government, issue a protective order pursuant to 18 U.S.C. § 1514(b)(1), prohibiting harassment of a victim or witness in a Federal criminal case if the court, after a hearing, finds by a preponderance of the evidence that harassment exists or that such an order is necessary to prevent or restrain an offense under 18 U.S.C. § 1512.  As to either a temporary restraining order or a protective order, "harassment" is defined in 18 U.S.C. § 1514(c)(1) as a "course of conduct" directed at a specific person

---

[5] 18 U.S.C. § 1512(b) states that anyone who knowingly uses intimidation or engages in misleading conduct toward another person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding shall be subject to the penalties set out in that section.

that (A) causes substantial emotional distress in such person, and (B) serves no legitimate purpose. The statute also defines "course of conduct" to mean a series of acts over a period of time, however short, indicating a continuity of purpose.

If Defendant or his representatives harass patients or their representatives or continue to harass them with continued requests for interviews after having been told that the person does not wish to speak to them, the Government can take appropriate action to bring the matter before the court supported by appropriate affidavits from affected parties or their representatives. Also, if Defendant were to engage in conduct that violates 18 U.S.C. § 1512, he would also be violating the standard condition of release that he not commit another Federal, State or Local crime while on release in this case. *See e.g.*, 18 U.S.C. § 3142(c)(1).

Condition 6 is therefore revised to read as follows:

> Defendant shall avoid all contact of any type or manner, written or oral, direct or indirect, with any persons who are victims of Defendant's alleged criminal conduct and any family members or estate representatives of such persons. For purposes of this Condition, a "victim" shall mean any of the family members or estate representatives of those patients of the Schneider Medical Clinic identified in Attachment 1 to the Indictment (Doc. 2), and three additional individuals, Rebecca T, Jane E and John D, all of whom died of an alleged drug overdose. This provision shall not prohibit Defendant from having contact with any patient who is not a "victim" as defined in this Condition and who does not object to contact from the Defendant; <u>provided however</u>, that any such contact shall not violate any other Conditions of Release that prohibit Defendant from engaging, directly or indirectly, in any type of medical treatment or care of any patients or the dispensation, directly or indirectly, of any controlled substances to such patients and does not violate any other Federal statute, including specifically 18 U.S.C. § 1512.     18 U.S.C. § 3142(c)(1)(B)(v).

**Condition 8:** In connection with the list of activities for which defendant can leave his area of home detention, the Government wants to replace qualifying phrase "as may be pre-approved by the pretrial services office or supervising officer" with the language "as shall be pre-approved by the pretrial services office or supervising officer." The Court believe that this change is not necessary. This language is taken directly from the AO form of conditions of release and is clearly understood to mean that any events that allow defendant to leave his area of home detention – whether religious, medical, attorney visits, etc. – are all to be pre-approved by the pretrial services officer. Only in this way can the GPS monitoring be effective and efficient.

**Condition 13:** The Government seeks more specificity concerning Defendants obligation to obtain and pay for a custodian of the patient files and records of the Schneider Medical Clinic. The Court will accept the general suggestion that a timetable and procedure be established for this requirement to be accomplished. Defendant will notify the Government on or before **May 5, 2008** of the name of the person Defendant wishes to designate as custodian and the compensation that person is to receive. Any objection by the Government shall be made by **May 12, 2008.** If no agreement can be reached, the Court will resolve this issue in a subsequent Order.[6] The Court sees no

---

[6] The Court notes that the procedure now suggested by the Government varies slightly from the provisions of the Court's earlier order of preservation. (Doc. 26.) Previously, the Court's Order provided that if MacDonald no longer continued as custodian and if no other custodian were designated, "the Court will then appoint an appropriate Custodian." (Doc. 26 at 1.) In its Motion for Reconsideration of Conditions of Release, the Government now states that if defendant is not able to suggest an

reason to modify the designated Condition of Release to be signed by Defendant, and the above procedure for identifying a custodian is simply ordered by the Court.

**Condition 14:** The Government believes that this condition concerning the DEA registration is now moot and should be changed to direct that defendant not seek to obtain any DEA registration number. Accordingly, this condition will be modified to read as follows:

> Defendant shall not apply for or seek to obtain any DEA registration number which would allow him to dispense any Controlled Substances. 18 U.S.C. § 3142(c)(1)(B)(xiv).

## CONCLUSION

For the reasons set out above, the Conditions of Release previously set out in the Court's Memorandum and Order of April 21, 2008 (Doc. 70) are hereby modified as set out in this Memorandum and Order. As such, the Government's Motion for Reconsideration of the Conditions of Release (Doc. 73) is GRANTED IN PART and DENIED in PART. Defendant is to be released upon execution of the Agreement to Forfeit Property and Appearance and Compliance Bond in the form attached to the Court's Memorandum and Order of April 21, 2008. (Doc. 70.) Defendant is not to be released, however, until the GPS monitoring system is installed and fully functional as determined by the supervising Pretrial Services Officer.

---

appropriate custodian, "the United States Attorney's Office will work with the Kansas Board of Healing Arts to have a custodian appointed by the state court." (Doc. 73 at 10.) The Court will leave this matter for a future day.

The parties are advised of their right to seek review of this Order pursuant to 18 U.S.C. § 3145.

IT IS SO ORDERED.

Dated at Wichita, Kansas, this 24th day of April, 2008.

     s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge