**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **Criminal ACTION** |
| ) | |
| v. ) | No. 07-10234-MLB |
| ) | |
| STEPHEN J. SCHNEIDER and LINDA K. ) | |
| SCHNEIDER, a/k/a LINDA ATTERBURY, ) | |
| d/b/a SCHNEDER MEDICAL CLINIC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion to modify the scheduling order. (Doc. 119). The court has previously ruled on defendants' request to modify the deadlines. (Doc. 124).[1] The remaining issue in the motion is whether defendants should be required to bear the expert fees for the government's experts who are challenged under Daubert. The motion has been fully briefed and is ripe for decision. (Docs. 119, 120, 122).

On May 22, the court entered an order modifying the scheduling order. That order stated as follows: "Important: costs and expenses of witnesses appearing at Daubert hearings will be the responsibility

---

[1] Defendants requested that the court extend the deadline for the submission of Rule 16 disclosures. The court denied that request. (Doc. 124). Defendants additionally request that they be allowed to submit a Rule 16 disclosure for experts that defendants did not previously provide a CV to the government on May 16. Defendants assert that they were unaware of the nature of the testimony from the government's experts and would now like to obtain additional experts and provide the Rule 16 disclosures for those experts by the date in the scheduling order. Defendants' request is granted. Defendants may provide Rule 16 disclosures of experts not previously identified to the government by July 31.

of the party requesting the hearing and arrangements for payment must be made prior to the hearing." (Doc. 11 at 10). Defendants object to this ruling on the basis that the court lacks authority to shift costs to defendants and that the costs are properly those of the government since it has the burden to establish the reliability of its experts' testimony. (Doc. 119).

First, defendants cite to the cost statutes, i.e. 28 U.S.C. §§ 1821, 1825, 1920, in support of their position that this court lacks authority to impose the costs of the government's expert witness fees on defendants. Section 1825 states that the United States shall pay the fees of its witnesses, section 1821 states that all witnesses must be paid fees (but does not specify by whom) and section 1920 provides the fees that the court can tax to the prevailing party. The court agrees that the government is responsible for the fees of any witnesses that it calls to testify during trial. The question here, however, is whether defendants can be responsible for fees of an expert who testifies at a <u>Daubert</u> hearing when the hearing is held for the sole purpose of a defendant who is challenging the testimony. That question appears to not have been addressed.

Defendants assert that the government has the burden to establish the admissibility of its expert witnesses and, therefore, the burden to produce such witnesses for a hearing would equally extend to the government. A party offering an expert witness bears "the burden of demonstrating to the district court that [the proffered expert is] qualified to render an expert opinion." <u>United States v. Nacchio</u>, 519 F.3d 1140, 1171-72 (10th Cir. 2008); <u>see also</u> <u>Ralston v. Smith & Nephew Richards, Inc.</u>, 275 F.3d 965, 970 (10th Cir. 2001); <u>United</u>

-2-

States v. Williams, 95 F.3d 723, 729 (8th Cir. 1996), cert. denied, 519 U.S. 1082, 117 S. Ct. 750, 136 L. Ed.2d 687 (1997); Hollander v. Sandoz Pharmaceuticals Corp., 95 F. Supp.2d 1230, 1234 n. 8 (W. D. Ok. 2000) ("As the proponent of their medical experts' testimony, the plaintiffs have the burden of establishing its admissibility."); In re Breast Implant Litigation, 11 F. Supp.2d 1217, 1222 (D. Colo. 1998) ("The Plaintiffs have the burden of proving that the testimony of their expert witnesses is admissible pursuant to Fed. R. Evid. 702 and the standards set forth in Daubert.")).

There is no question that the court has the inherent authority to manage its case in the most efficient matter. "There is a well established principle that district courts have inherent power to control their dockets. Further, judges exercise substantial discretion over what happens inside the courtroom. We have accepted that all federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." United States v. Grace, 526 F.3d 499, 509 (9th Cir. 2008)(affirming the district's order requiring the government to disclose its experts to defendants). In adjusting the scheduling order, the court was attempting to deal most efficiently with the possibility of more than 50 Daubert hearings.[2] However, after a review of authority, the court is persuaded that the government's burden in establishing its experts' reliability would arguably include its responsibility to provide and reimburse the

---

[2] Defendants' counsel has already eluded to the proposition of 50 Daubert hearings.  (Doc. 119 at 9).

expert for his or her testimony at a Daubert hearing, if necessary.[3]

However, the court notes that the Tenth Circuit has held that a Daubert hearing is not mandatory "so long as the court has sufficient evidence to perform the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Goebel v. Denver and Rio Grande W. R.R. Co., 215 F.3d 1083, 1087 (10th Cir. 2000)(citing Daubert v. Merrell Dow Parmaceuticals, Inc., 509 U.S. 579, 597, 113 S. Ct. 2786 (1993)).  Therefore, if faced with a challenge to an expert and the court has received sufficient briefing and a thorough review of the expert's qualifications and opinions, the court will not take time to schedule a Daubert hearing for that expert but rather will rule on written submissions.  The parties also are reminded that Daubert challenges cannot be used for discovery purposes.

Defendants' motion to modify the scheduling order is granted in part and denied in part.  (Doc. 119).

IT IS SO ORDERED.

Dated this   8th   day of July 2008, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[3] The court reminds defendants, however, that  28 U.S.C. § 1918(b) allows the government to seek reimbursement of those costs if defendants are convicted of certain charges.  United States v. Pommerening, 500 F.2d 92, 101 (10th Cir. 1974).