### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, **)** | |
| **)** | |
| Plaintiff, **)** | **Criminal ACTION** |
| **)** | |
| v. **)** | No.  07-10234-MLB |
| **)** | |
| STEPHEN J. SCHNEIDER and LINDA K. **)** | |
| SCHNEIDER, a/k/a LINDA ATTERBURY, **)** | |
| d/b/a SCHNEDER MEDICAL CLINIC, **)** | |
| **)** | |
| Defendant. **)** | |
| **)** | |

### MEMORANDUM AND ORDER

This case comes before the court on the government's motion pursuant to local rule 83.2.3. (Doc. 57). The motion has been fully briefed and is ripe for decision. (Docs. 57, 61, 69). The government's motion is denied for the reasons herein.

The government seeks an order from the court to "restrain the defendants, their family members, Ms. Reynolds (who is essentially a proxy for the defendants and their family members), and potential witnesses, from making extrajudicial statements to the medial. . . [and] that the court order Mr. Williamson to produce to the government and to the court the 'recorded statement' defendant Stephen Schneider provided the press." (Doc. 57 at 15). Alternatively, the government seeks an intra-district transfer to eliminate potential prejudicial impact on the jury pool. The government also requests that the court prohibit defendants, Ms. Reynolds and Ms. Hatcher from contacting victims and witnesses.

### Analysis

Basically, the government seeks an order which would impose a

"prior restraint" on speech. "A prior restraint on constitutionally protected expression, even one that is intended to protect a defendant's Sixth Amendment right to trial before an impartial jury, normally carries a heavy presumption against its constitutional validity." United States v. Salameh, 992 F.2d 445, 446-47 (2nd Cir. 1993).

> In determining whether an order restraining speech is appropriate, the court must evaluate (a) the nature and extent of pretrial news coverage; (b) whether other measures would be likely to mitigate the effects of unrestrained pretrial publicity; and (c) how effectively a restraining order would operate to prevent the threatened danger. The precise terms of the restraining order are also important. We must then consider whether the record supports the entry of a prior restraint on publication [or speech], one of the most extraordinary remedies known to our jurisprudence.

Koch v. Koch Indus., Inc., 2 F. Supp.2d 1409, 1412 (D. Kan. 1998)(quoting Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 562, 96 S. Ct. 2791, 49 L. Ed.2d 683 (1976)).

First, the government cites the Koch case but appears to make no effort to apply the factors to this case. The court is inclined to deny the motion on that basis. Nevertheless, the court will review whether an order restraining speech is appropriate. In its submissions, the government has attached three news articles and one clip from a television newscast. After reviewing those articles, the court fails to see how the news coverage will taint the jury pool. Next, the government has attached numerous excerpts from phone calls recorded at the jail, most of which are between Linda Schneider and her sister, Ms. Hatcher. In these calls, there are references to getting the media's attention, movie roles, Ophrah and other fame-seeking actions. Again, the court does not understand, and the

-2-

government hasn't explained, how these phone calls will affect any potential jurors.  The government has not met its burden to show the court that there is a compelling governmental interest to restrict speech. Journal Pub. Co. v. Mechem, 801 F.2d 1233, 1236 (10th Cir. 1986)(citing Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07, 102 S. Ct. 2613, 2619-20, 73 L. Ed.2d 248 (1982)).  "The limitation of First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413, 94 S. Ct. 1800, 1811, 40 L. Ed.2d 224 (1974).

The government's concern of having a biased jury pool can be dealt with by other alternatives.  "Less restrictive alternatives to an injunction against speech include such possibilities as a change of venue, trial postponement, a searching voir dire, emphatic jury instructions, and sequestration of jurors."  Koch, 2 F. Supp.2d at 1413.  This court will conduct the necessary voir dire with potential jurors to eliminate any prejudicial impact that the news media may have had.

Alternatively, the government seeks to transfer this case to a different venue within this district.  The government is presumably asserting that the pretrial publicity is so prejudicial that it would severely impact the jury pool.  Claims of prejudicial pretrial publicity are evaluated in two different contexts.

> The first context occurs where the pretrial publicity is so pervasive and prejudicial that we cannot expect to find an unbiased jury pool in the community.  We "presume prejudice" before trial in those cases, and a venue change is necessary.  The second context is where the effect of pretrial publicity manifested at jury

>               selection is so substantial as to taint the
>               entire jury pool.

Goss v. Nelson, 439 F.3d 621, 628 (10th Cir. 2006).  Of these two methods for determining whether an impartial jury can be seated, the Tenth Circuit has concluded that voir dire of the venire panel is preferable to the speculation inherent in a finding of presumed prejudice, absent truly extraordinary circumstances.  See United States v. Pedraza, 27 F.3d 1515, 1525 (10th Cir. 1994) ("Whether a jury harbors prejudice related to pretrial publicity is best determined during voir dire examination"); Abello-Silva, 948 F.2d at 1177 ("The proper occasion for determining juror partiality is upon voir dire examination." (Quotation omitted)).

Finally, the government seeks a recorded statement made by Stephen Schneider.  Defendants have replied that they do not have any statements in their possession and that it is in the possession of the Associate Press.  Therefore, this request is moot.[1]

### Conclusion

The parties should not misinterpret this ruling as an endorsement of statements to the media by their counsel or their surrogates.  The court firmly believes that cases should be tried in the courtroom, not on the courthouse steps.  The court expects counsel to know and follow their ethical responsibilities in this regard.  As to those persons who are not bound by any code of ethics, the words

---

[1] The government also asks this court to remind counsel of their ethical duties under Rule 3.6.  The court assumes that all counsel are aware of their duties under the rules.  If any counsel has any information regarding an ethics violation, he or she may report that violation to the Kansas Disciplinary Administrator's Office.  This court is not a disciplinary review board.

of Hubert H. Humphrey come to mind: "The right to be heard does not automatically include the right to be taken seriously."

The government's motion is denied.  (Doc. 57).

IT IS SO ORDERED.

Dated this   10th   day of July 2008, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE