### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No.  07-10234-MLB |
| ) | |
| STEPHEN J. SCHNEIDER and LINDA K. ) | |
| SCHNEIDER, a/k/a LINDA ATTERBURY, ) | |
| d/b/a SCHNEIDER MEDICAL CLINIC, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Before the court are the following:

1. Defendants' joint motion to strike or compel supplementation and for an emergency hearing (Docs. 144 and 145); and

2. Government's response (Doc. 150).

Also before the court is the Government's Notice of Intent to use Experts.[1]

Defendants' motion is the latest in which defendants seek additional information from the government purportedly so that they can prepare their defenses and make their Rule 16 disclosures. Defendants are represented by four retained counsel.[2] Defendants have requested an "emergency hearing" in connection with the present motion, supposedly because without the additional information they

---

[1] This document was not filed but instead provided to the court and defense counsel.

[2] Stephen Schneider is represented by attorney Williamson. The other three lawyers represent Linda Schneider. However, one lawyer customarily signs submissions on behalf of both defendants. It is apparent that defendants are jointly represented by all four lawyers.

seek, they cannot comply with the court's July 31 deadline for defense expert disclosure. One of defendants retained counsel, Mr. Williamson, represents that he will be out of the office for two weeks during July to attend a conference and to participate in a "mission trip" where he cannot be reached. The court initially set this matter for hearing at a time convenient for Mr. Williamson to appear by telephone but after reviewing the motion and the government's response, the court finds that no emergency exists and that a hearing is not necessary. The motion is no different in substance from other motions filed by defendants in which hearings were not requested. Accordingly, the hearing scheduled for July 17 is cancelled.

## Background

On April 18, 2008, the court entered a scheduling order which provided for the exchange of experts' reports. Thereafter, the government objected to the requirement of expert reports and called the court's attention to United States v. Nacchio, 519 F.3d 1140 (10th Cir. 2008) and, in particular, the portions of that opinion dealing with the requirements of Fed. R. Crim. P. 16 disclosures. (Doc. 84). The government pointed to Nacchio's statement that "a Rule 16 disclosure must contain only 'a written summary of any testimony' and 'describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.' Fed. R. Crim. P. 16(b)(1)(C)." The government argued that to the extent the court's order required an expert's "report" as contemplated by the Federal Rules of Civil Procedure, such a requirement would violate Nacchio. The court agreed and filed an amended scheduling order requiring the parties to make "Rule 16 disclosures" instead of submission of "expert

reports." (Doc. 111).

On June 30, 2008, in compliance with the amended scheduling order, the government submitted to defense counsel a 70-page "Notice of Intent to Use Experts." The notice lists 59 witnesses and states a summary of each witness's testimony/opinions and the bases and reasons for the opinions (the qualifications of each witness previously were provided to defendants' counsel), exactly as Nacchio requires. The government represents that at least eight of the witnesses will testify only as to facts and that the remaining witnesses will testify as to facts and opinions. Defendants now contend that the government's notice does not comply with Fed. R. Crim. P. 16(a)(1)(G) which provides:

> Expert witnesses--At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

## Discussion

The court has carefully studied defendants' motion and its supporting authorities, few of which are from the Tenth Circuit. Absent from the authorities is any reference to or discussion of the requirements of Nacchio, which was the entire impetus for this court's decision to change its disclosure requirements from "experts reports" to "Rule 16 disclosures." Defendants' counsel may find support for their arguments in decisions of other courts of appeals and district courts but when there is a recent Tenth Circuit decision on point, this court is bound to follow it. Counsel would be well advised to

recognize this in future briefing and act accordingly.  This will save both counsel and the court considerable time.

Contrary to defendants' arguments based on non-binding cases, <u>Nacchio's</u> interpretation of Rule 16 does not require disclosure of "the actual expected testimony" of an expert.  <u>Nacchio</u> does not recognize the complexity of the case as a factor influencing the disclosure requirements of Rule 16.  <u>Nacchio</u> does not require Rule 16 disclosures to be ". . . linked to any bases, such as medical literature, studies, tests, etc."  Neither <u>Nacchio</u> nor Rule 16 require the government to list "with particularity" documents from defendants' files which the experts reviewed.  Similarly, neither <u>Nacchio</u> nor Rule 16 require the government to disclose "discussion of the analyses" of its expert witnesses.  These things might, or might not, be subject to disclosure under the Rules of <u>Civil</u> Procedure but <u>Nacchio</u> makes it clear beyond peradventure that it would be error for this court to require civil-like expert disclosure in a criminal case.

## Conclusion

Accordingly, for the reasons stated herein and, in addition, essentially for the reasons stated by the government in its response, defendants' motion (Doc. 144) is denied.  Defendants shall make their Rule 16 disclosures on or before July 31, 2008.

IT IS SO ORDERED.

Dated this   15th   day of July 2008, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE