# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  07-10234-01, 02-MLB |
| ) | |
| STEPHEN J. SCHNEIDER, and ) | |
| LINDA K. SCHNEIDER, a/k/a, ) | |
| LINDA K. ATTERBURY, ) | |
| d/b/a SCHNEIDER MEDICAL ) | |
| CLINIC ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

### I.  BACKGROUND

On February 11, 2008, Judge Wesley E. Brown entered an Order directing Schneider Medical Clinic, through its then Administrator and Custodian of Records, Timothy MacDonald, to maintain and preserve the Clinic's original patient files and other records.  (Doc. 26 at 1.)  The Court further directed that if Timothy MacDonald was not able to continue as the Clinic's Custodian of Records, he was to advise the Court and identify the alternatively designated Custodian.  If no Custodian could be designated, the Court would then appoint an appropriate Custodian.  Id.

Subsequently, MacDonald became unwilling to continue as Custodian of

records. The topic of a records custodian was then addressed in the hearing on the motions for release by the defendants. Thereafter, in the Memorandum and Order allowing the release of Defendant Stephen Schneider, the Court set the following as one of the conditions of release:

> 13. Defendant shall be financially responsible for the preservation of the medical records of all patients previously treated at the Schneider Medical Clinic and shall designate and compensate a custodian for such medical records in accordance with a prior order of the Court. (Doc. 26.) 18 U.S.C. § 3142(c)(1)(B)(xiv).

(Doc. 70 at 34.) The Government then requested a modification of some of the conditions of release, including changes to condition no. 13 concerning financial responsibility for a custodian. (Doc. 73.) After considering the Government's motion, the Court did not change condition no. 13, but did put into place a procedure for appointment of a new Custodian:

> The Government seeks more specificity concerning Defendants obligation to obtain and pay for a custodian of the patient files and records of the Schneider Medical Clinic. The Court will accept the general suggestion that a timetable and procedure be established for this requirement to be accomplished. Defendant will notify the Government on or before **May 5, 2008** of the name of the person Defendant wishes to designate as custodian and the compensation that person is to receive. Any objection by the Government shall be made by **May 12, 2008.** If no agreement can be reached, the Court will resolve this issue in a subsequent Order.

(Doc. 77 at 8-9.)

After some delays, counsel for Stephen Schneider proposed several alternatives as new custodians, but ultimately preferred that the new custodian be Connie White, a former Physician's Assistant at the Schneider Clinic.[1]  The Government opposed appointment of the individuals identified by Schneider, and filed objections to the appointment of those identified individuals.  The Government filed a "redacted" version of its objection (Doc. 94), but also obtained an Order (Doc. 108) allowing it to file an <u>ex parte</u> and <u>in camera</u> submission which was then filed under seal.  (Doc. 109.)

## II.   DISCUSSION

After considering the matter, the Court finds that the individual(s) identified by defendant Stephen Schneider would not be appropriate as Custodian of the Clinic's patient records.  The prior relationship between these individuals and Dr. Schneider gives the Court concern about whether they can act fully independent of

---

[1] Defendant Stephen Schneider initially identified five individuals as possible custodians: a former Clinic Physician Assistant, Connie White; two relatives – Patricia and Myron Hatcher; and two former Clinic patients.  Defendant later conceded that the two former patients would not be proper custodians.  Defendant subsequently narrowed the list to only two names – Connie White and Pat Hatcher.  (Doc. 94 at 2.)  Finally, defendant stated that Pat Hatcher, the sister of defendant Linda K. Schneider, was going to be out of town during the summer and therefore would not be available to act as custodian all of the time.  Thus, defendant's final selection was Connie White.  (E-mail from Lawrence W. Williamson, 5/7/2008.)

any influence of Dr. Schneider as is required of a fiduciary. Therefore, the question before the Court is how to designate a custodian and what factors should be considered in making such an appointment.

The Government proposes the Court either appoint a custodian under the direction of K.S.A. 65-28,128, or ask that the Kansas Board of Healing Arts to appoint a custodian, which the Board has indicated a willingness to do. (Doc. 94 at 4.)

Defendant's stated concern has been that the custodian be someone familiar with the files so that no mistakes would be made when patient records were requested. (E-mail from Lawrence W. Williamson, 5/7/2008). At the hearings on the issue of detention or release of Stephen Schneider, his counsel also urged that someone be appointed who would serve in the position without charge due to defendant's financial condition.

K.S.A. 65-28,128(b)(1) provides that the State Board of Healing Arts shall immediately petition the court for appointment of a custodian of a health care provider's health care records if the board is notified of, or has independent knowledge that, a health care provider's license has been suspended or revoked. The parties have advised the Court that Dr. Schneider's medical license has been temporarily revoked. Accordingly, it appears to the Court that the appropriate

procedure is for the State Board to appoint a custodian.  The Board's familiarity with matters related to the practice of medicine and retention of patient records indicate that it is best positioned to appoint a custodian that will perform the duties of a custodian as outlined in the statute.  The Court has been advised that in the past the State Board did not do so because it had no way to pay for such a custodian.  The Court has now provided that Dr. Schneider, as a condition of his release, be financially responsible for the preservation of his patients' medical records and he "compensate a custodian for such medical records in accordance with a prior order of the Court.  (Doc. 26.)" (Doc. 70 at 34; Doc. 79 at 4, ¶ 13.)  With this requirement,[2] there is no reason that the State Board cannot proceed to appoint an appropriate custodian.   The Court believes that this is a task more appropriately exercised by the State Board rather than by this Court in a criminal

---

[2] While Dr. Schneider might hope for a custodian that would perform the statutory services without charge, the Court cannot evaluate the appointment of a custodian merely on whether the nominated person would be willing to serve without charge.  And, although the Court is not to impose a financial condition of release that would result in the pretrial detention of a person, *see* 18 U.S.C. 3142(c)(3), there is nothing in the record that would establish that Dr. Schneider is unable to fairly compensate a custodian appointed by the State Board.  As noted early in these proceedings, Defendant and his wife appear to have assets that are not presently encumbered by any pending forfeiture proceedings, either criminally or civilly.  The Government has valued those "free" assets at $676,087.14, and Defendant, while disagreeing with that valuation, has not provided the Court with any alternate valuation although he was granted the opportunity to do so in connection with the issue of appointed counsel.  *See* Doc. 70 at 27-28.

proceeding.³

Accordingly, the Government's motion is granted to the extent that the Government may notify the State Board of Healing Arts of the Court's decision in this matter, and may work with the State Board in the appointment of a custodian pursuant to the provisions of K.S.A. 65,128.

IT IS SO ORDERED.

Dated at Wichita, Kansas, this 21st day of July, 2008.

    s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

---

³ In support of its initial request for appointment of a custodian in this criminal case, the Government relied on 18 U.S.C. § 983(j) and 21 U.S.C. § 853(e), as well as the Court's general power to regulate discovery. (Doc. 22 at 8.) Those cited statutes are designed to protect the availability of property that is subject to forfeiture. While the Government argues that it is seeking forfeiture of Schneider Medical Clinic, and that the patient files are property of the clinic, and thus subject to forfeiture, there is some question whether the pending forfeiture proceedings actually seek forfeiture of the medical records themselves. The patient records are not specifically identified in the forfeiture allegations of the Indictment in this case. *See* Doc. 2 at 57-64. Likewise, the civil forfeiture action involving the Clinic real property, does not identify personal property that specifically includes the patient files. *See* Case No. 07-1119-MLB (Sealed), Doc. 12 (Amended Complaint for Forfeiture In Rem). These circumstances lead the Court to believe that it is more appropriate for the State Board to proceed to seek appointment of a custodian under the power given to it by the Kansas statutes.