UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   07-10234-01-MLB |
| ) | |
| STEPHEN J. SCHNEIDER, ) | |
| d/b/a SCHNEIDER MEDICAL ) | |
| CLINIC ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER ON
GOVERNMENT'S MOTION TO MODIFY CONDITIONS
OF RELEASE OR IN THE ALTERNATIVE TO REVOKE BOND**

This matter is before the undersigned magistrate judge on the Government's Motion to Modify Conditions of Release, or in the Alternative, to Revoke Bond as to Defendant, Stephen J. Schneider.  (Doc. 192).  Defendant has responded and opposes the motion.  (Doc. 205).  For the reasons set out below, the Court denies the Government's motion.

**Summary of the Proceedings Concerning Bond Conditions**

By Memorandum and Order of April 21, 2008, the Court granted in part and denied in part Defendant's motion for release on his own recognizance or to set a bond for his release.  (Doc. 70).  The Court allowed Defendant's release upon execution of a bond and with stated conditions of release.  (Doc. 70 at 31-35).  Condition 13 provided that:

> Defendant shall be financially responsible for the preservation of the medical records of all patients previously treated at the Schneider Medical Clinic and shall designate and compensate a custodian for such medical records in accordance with a prior order of the Court. (Doc. 26.) 18 U.S.C. § 3142(c)(1)(B)(xiv).

(Doc. 70 at 34-35) (footnote omitted).

After entry of the April 21, 2008 Order, the Government filed a Motion for Reconsideration of Conditions of Release which sought, among other changes, some additional requirements concerning Condition 13 and a custodian for the medical records of the Schneider Medical Clinic. (Doc. 73 at 9-10.) In a subsequent Memorandum and Order of April 24, 2008, the Court agreed with the Government's suggestion to include a timetable for designations of persons to serve as a custodian of the medical records and set a specific timetable. (Doc. 77 at 8-9.) The Court noted that "[I]f no agreement can be reached, the Court will resolve this issue in a subsequent Order." (Doc. 77 at 8.) The Court also noted in a footnote that

> The Court notes that the procedure now suggested by the Government varies slightly from the provisions of the Court's earlier order of preservation. (Doc. 26.) Previously, the Court's Order provided that if MacDonald no longer continued as custodian and if no other custodian were designated, "the Court will then appoint an appropriate Custodian." (Doc. 26 at 1.) In its Motion for Reconsideration of Conditions of Release, the Government now states that if defendant is not able to suggest an appropriate custodian, "the United States Attorney's Office will work with the Kansas Board of Healing Arts to have a custodian appointed by the state court." (Doc. 73 at 10.) The Court will leave this matter for a future day.

(Doc. 77 at 8-9, n. 6.)

The Government and counsel for Defendant Stephen Schneider were unable to agree on a person to act as custodian of the medical records. Therefore, the Court entered another Memorandum and Order on July 21, 2008 setting out the procedure for appointment of a custodian of the medical records by the State Board of Healing Arts:

> K.S.A. 65-28,128(b)(1) provides that the State Board of Healing Arts shall immediately petition the court for appointment of a custodian of a health care provider's health care records if the board is notified of, or has independent knowledge that, a health care provider's license has been suspended or revoked. The parties have advised the Court that Dr. Schneider's medical license has been temporarily revoked. Accordingly, it appears to the Court that the appropriate procedure is for the State Board to appoint a custodian. The Board's familiarity with matters related to the practice of medicine and retention of patient records indicate that it is best positioned to appoint a custodian that will perform the duties of a custodian as outlined in the statute. The Court has been advised that in the past the State Board did not do so because it had no way to pay for such a custodian. The Court has now provided that Dr. Schneider, as a condition of his release, be financially responsible for the preservation of his patients' medical records and he "compensate a custodian for such medical records in accordance with a prior order of the Court. (Doc. 26.)" (Doc. 70 at 34; Doc. 79 at 4, ¶ 13.) With this requirement, there is no reason that the State Board cannot proceed to appoint an appropriate custodian. The Court believes that this is a task more appropriately exercised by the State Board rather than by this Court in a criminal proceeding.

(Doc. 161 at 4-6) (footnotes omitted). The Court concluded that the Government could notify the State Board of Healing Arts of the Court's decision and could work with the State Board in appointing a custodian of the records pursuant to the provisions of K.S.A.

65-28,128. (Doc. 161 at 6.)

No agreement was reached between counsel for the State Board and counsel for Defendant as to an appropriate person or entity to act as records custodian. Accordingly, on August 22, 2008, the State Board filed an action in the District Court of Shawnee County, Kansas, entitled *State Board of Healing Arts v. Stephen J. Schneider, D.O. and Schneider Medical Clinic, LLC*, Case No. 08 C 1224, where the State Board sought appointment of a records custodian pursuant to the provisions of K.S.A. (2007 Supp.) 65-28,128(b)(1). Defendant submitted his Answer in the State Court case (out of time) on September 25, 2008. The Court has been advised that the State Case is proceeding and a schedule has been established for resolution and/or trial of that case.[1]

## The Government's Present Motion

The Government now returns to this Court, frustrated with Defendant's refusal to agree to custodians suggested by the State Board and concerned that the State Court case will take too long to resolve. Arguing that the lack of a records custodian creates problems for former patients, for the Government's continuing investigation, for the Government's proposed sale of the Schneider Medical Clinic building, and for other pending civil litigation involving Defendant and the Schneider Medical Clinic, the Government now asks the Court to take the following actions:

---

[1] It is unfortunate that the Kansas Statutes apparently do not provide an expedited procedure for appointment of a records custodian or at least provide for some type of interlocutory order of appointment pending a full hearing on the State Board's petition.

>   1. modify the conditions of release by designating the custodian requested by the State Board of Healing Arts;
>
>   2. require Defendant to pay that designated custodian;
>
>   3. if Defendant fails to pay the designated custodian, require Defendant to pay into Court his $325,000 Compliance Bond, which can then be used to pay the designated custodian; and/or
>
>   4. revoke Defendant's release for violating Condition 13.

(Doc. 192 at 4.)

Defendant responds that Defendant has proposed a proper custodian (Tera White), has agreed to pay that custodian, and that there has been no showing that the person selected by Defendant is unfit to act as custodian. (Doc. 205 at 2.) Defendant argues that he should be allowed to name an objective custodian and allow the State Court to make the order. (Doc. 205 at 4.) Finally, Defendant acknowledges that

> <u>Dr. Schneider has the responsibility to ensure that the records are in place and have not been tampered with.</u> The government's unfounded hypothetical theories aside, there have been no allegations that the records have been spoliated.

(Doc. 205 at 4) (emphasis added).

The Government then filed a Reply concerning this issue (Doc. 207) and also a Supplement to its Motion. (Doc. 224.) In those pleadings, the Government points out that Defendant's proposed custodian -- Tera White -- is unacceptable due to difficulties with her performance in a prior criminal case. (Doc. 224 at 1.) The Government also

notes that the records will need to be moved from their physical location within the Schneider Medical Clinic because the Court recently granted the Government's motion for an interlocutory sale of the medical clinic building in a related civil forfeiture proceeding. (Doc. 207 at 3.)

In a somewhat related matter, the Government recently filed a Motion for An Order to Show Cause seeking to hold Defendant and/or Defense Counsel in contempt concerning actions related to access to the medical clinic building. (Doc. 256.) Defendant has responded to that motion. (Doc. 267.) While the contempt motion was denied by the District Judge (Doc. 280), the contempt pleadings do contain additional information relevant to the records custodian issue. For example, the custodian initially proposed by the State Board of Healing Arts, Underground Vaults and Storage of Topeka, has now declined to act as custodian. *See* Doc. 267-2. Instead, the State Board continues to communicate with Defendant's counsel about an alternate custodian (Jayhawk Records Express). Defendant suggests in his response to the contempt motion that he has made some type of arrangement for medical records to be copied when necessary, including instances where the Government has issued an administrative subpoena for such records. (Doc. 267 at 4.)

Finally, at a January 12, 2009 hearing on other matters, counsel for Defendant represented to the Court that Defendant had in place a plan to put the medical records in a controlled storage location so that they would not interfere with attempts to sell the medical building. Counsel did not state where the records were to be stored or who

6

would have access to the records for purposes of providing copies requested by patients or by litigants in the related civil proceedings.

## Discussion

At the Government's request, the Court previously modified the conditions of release for Defendant to allow the State Board of Healing Arts to designate a custodian pursuant to the provisions of the Kansas statutes. In so doing, the Court noted that this was the most appropriate procedure since the State Board has experience with such matters and is in the best position to appoint a custodian to protect the medical records and deal with related matters. While the Court is disappointed that the parties have been unable to agree on an appropriate custodian and that this has resulted in the necessity for a state court proceeding, the Court does not consider that Defendant has violated this Court's conditions of release. The State Board is doing precisely what the Court contemplated when it modified the conditions of release: either appointing an agreed custodian, or proceeding under state law to obtain a court order appointing a custodian. The Court has warned Defendant that he will be required to compensate any custodian selected through the state court proceedings brought by the State Board as part of the conditions of his release. *See* Doc. 161 n. 2.

The Court is not without concern for the ability of former patients of the Schneider Medical Clinic, including those involved in pending civil litigation, to obtain copies of their medical files. However, the Court continues to believe that issues concerning Defendant's medical records are properly within the purview of the Board of Healing

Arts.  And, until a records custodian has been selected through the State Court process, Defendant has acknowledged that he <u>personally</u> "has the responsibility to ensure that the records are in place and have not been tampered with."  (Doc. 205 at 4.)  It is the State Board of Healing Arts that is best positioned to ensure that Defendant's responsibilities are fulfilled concerning the medical records and his duties to his former patients.

As to the Government's argument that the medical records are a problem to the Government's continuing prosecution of this criminal case and to the Government's attempt to sell the medical clinic building in the related civil forfeiture proceeding, those matters do not convince the Court that it should change the procedure now in place for the State Board to seek appointment of a custodian through the Shawnee County District Court.

First, the Government has executed two search warrants at the Schneider Medical Clinic (in 2005 and 2006), and has recently obtained additional records through issuance of an administrate subpoena.  The Government has made no convincing showing that it needs access to any of the remaining medical records as part of the prosecution of this case, particularly where the case is set to go to trial in less than three weeks.

Second, as to the sale of the building through the related civil forfeiture proceedings, the Government has obtained an order of interlocutory sale of the clinic building which includes a provision for the U.S. Marshal to take all necessary action to secure and maintain the clinic property until the sale is completed.  (Case No. 07-1119-MLB, Doc. 6 at 3 ¶ 9.)  It appears that the Government has adequate procedures available

to it through the civil proceedings to adequate effectuate the sale of the clinic building.

**IT IS THEREFORE ORDERED** that the Government's Motion to Modify Conditions of Release, or in the Alternative, to Revoke Bond as to Defendant, Stephen J. Schneider (Doc. 192) is hereby DENIED.

Dated at Wichita, Kansas, this 15th day of January, 2009.

  s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge