IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.                                        No. 07-10234-MLB

STEPHEN J. SCHNEIDER, et al.,

        Defendants.

MEMORANDUM AND ORDER

        The following motions were referred to me for decision insofar

as they may pertain to or regard current grand jury proceedings (Dks. 375-

2, 378): the Defendants' Motion for Relief (Dk. 372), the Defendants'

Motion for Protective Order or Other Relief (Dk. 373), and the

Government's Motion to Strike the Defendants' Motions (Dk. 376).  The

court strictly construes its limited referral authority to decide only those

issues raised in these pleadings that directly relate to current grand jury

matters.

Government's Motion to Strike  (Dk. 376)

        It is true that the defendants' motions refer generally to grand

jury proceedings and that a certain judicial ruling could impact those proceedings.  Still, the defendant's motions principally seek relief from the presiding trial judge regarding the prosecutor's course of conduct in that pending criminal case.  The defendants ask the trial court to disclose documents sealed in that case and to enter orders protecting the defendants' defense team and its witnesses based on rights grounded and provided in the context of that case.  Rather than seeking to quash a current grand jury subpoena, to challenge the grand jury's current exercise of investigatory  powers, or to adjudicate privileges and objections asserted in the grand jury proceedings, the defendants are asking in the main that the trial court exercise whatever supervisory authority it may have over the prosecutor in order to preserve the defendants' constitutional and procedural rights directly involved in that criminal prosecution.  The government's motion to strike is denied.

Defendant's Motion For Relief  (Dk. 372).

The court entertains this motion only to the extent that the defendants are asking this court to unseal the filings at docket numbers 365 and 367.  What the defendants present as their concerns with the government's practice of sealing pleadings is not implicated by these filings

2

in question.  The defendants have made no showing that would justify

disclosing the sealed filings.  The motion is denied with regards to docket

numbers 365 and 367.

Defendant's Motion For Protective Order or Other Relief (Dk. 373).

The defendants contend the government is using the grand jury

process to disrupt their defense by demanding the testimony of defense

team members who have been exposed to privileged communications.

The defendants say the government's efforts potentially invade "both

attorney-client and work product privileges" and "offend[] both the Fifth and

Sixth Amendment."  (Dk. 373, p. 5).  The defendants believe such

compelled testimony before the grand jury without direct court supervision

seriously risks the intrusion of privileged information.  As a remedy to

protect these privileges, the defendants propose the trial court fashion a

protective order requiring prior court approval of any grand jury subpoena

issued on a member of the defense team or on an identified defense

witness.  Alternatively, the defendants ask the court to prohibit all grand

jury subpoenas but allow the government to interview the designated

persons.

The court entertains this motion only insofar as it could be

construed as seeking a prospective restriction on the grand jury's

subpoena powers.  The court summarily denies this request for

extraordinary relief for the reasons stated hereafter.

Formally belonging to none of the three branches of

government, the grand jury "is a constitutional fixture in its own right."

*United States v. Williams*, 504 U.S. 36, 47 (1992) (quotation marks and

citations omitted).  The Supreme Court has described the relationship

between the courts and the grand jury in these terms:

> Although the grand jury normally operates, of course, in the
> courthouse and under judicial auspices, its institutional relationship
> with the Judicial Branch has traditionally been, so to speak, at arm's
> length.  Judges' direct involvement in the functioning of the grand jury
> has generally been confined to the constitutive one of calling the
> grand jurors together and administering their oaths of office. . . .
>
> The grand jury's functional independence from the Judicial
> Branch is evident both in the scope of its power to investigate
> criminal wrongdoing and in the manner in which that power is
> exercised.  "Unlike [a] [c]ourt, whose jurisdiction is predicated upon a
> specific case or controversy, the grand jury can investigate merely on
> suspicion that the law is being violated, or even because it wants
> assurance that it is not."  *United States v. R. Enterprises, Inc.*, 498
> U.S. 292, 297 (1991) [internal quotation marks and citation omitted].
> It need not identify the offender it suspects, or even "the precise
> nature of the offense" it is investigating.  *Blair v. United States*, 250
> U.S. 273, 282 (1919).  The grand jury requires no authorization from
> its constituting court to initiate an investigation, [citation omitted], nor
> does the prosecutor require leave of court to seek a grand jury
> indictment.  And in its day-to-day functioning, the grand jury generally
> operates without the interference of a presiding judge.  [citation
> omitted].  It swears in its own witnesses, Fed. R. Crim. P.  6(c), and

4

deliberates in total secrecy, *see United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424-25 (1983).

True, the grand jury cannot compel the appearance of witnesses and the production of evidence, and must appeal to the court when such compulsion is required.  *See, e.g., Brown v. United States*, 359 U.S. 41, 49 (1959).  And the court will refuse to lend its assistance when the compulsion the grand jury seeks would override rights accorded by the Constitution, [citation omitted], or even testimonial privileges recognized by the common law, [citation omitted].  Even in this setting, however, we have insisted that the grand jury remain "free to pursue its investigations unhindered by external influence or supervision so long as it does not trench upon the legitimate rights of any witness called before it."  *United States v. Dionisio*, 410 U.S. 1, 17-18 (1973). . . .

. . . .

. . . [A]ny power federal courts may have to fashion, on their own initiative, rules of grand jury procedure is a very limited one, not remotely comparable to the power they maintain over their own proceedings.  [citation omitted].  It certainly would not permit judicial reshaping of the grand jury institution, substantially altering the traditional relationships between the prosecutor, the constituting court, and the grand jury itself.  [citation omitted].

*United States v. Williams*, 504 U.S. at 47-50.  "Indeed, the significance attached to Article III supervision of a grand jury is so minor that the Supreme Court has held that the judge's absence from the federal judicial district in which the grand jury is sitting neither implicates constitutional rights of the defendant nor otherwise constitutes cognizable error."  *United States v. Seals*, 130 F.3d 451, 457 (D.C. Cir. 1997) (citing *Badders v. United States*, 240 U.S. 391, 394 (1916)), *cert. denied*, 524 U.S. 928 (1998).

"[T]he grand jury must rely on the court to compel production of books, papers, documents, and the testimony of witnesses, and the court may quash or modify a subpoena on motion if compliance would be 'unreasonable or oppressive.'" *United States v. Calandra*, 414 U.S. 338, 346 n.6 (1974) (quoting Fed. R. Crim. P. 17(c)). "Federal courts have recognized various ways in which a subpoena may be unreasonable or oppressive under Rule 17(c)." *In re Grand Jury Subpoena for THCF Medical Clinic Records*, 504 F. Supp. 2d 1085, 1088 (E.D. Wash. 2007) (and cases cited therein). It is likewise true that the grand jury does not have unlimited subpoena power,[1] for "it may not . . . violate a valid

---

[1]One cannot lose sight of the differences between subpoenas issued in a grand jury proceeding and those issued in a criminal trial:

"A grand jury subpoena is thus much different from a subpoena issued in the context of a prospective criminal trial, where a specific offense has been identified and a particular defendant charged. "[T]he identity of the offender, and the precise nature of the offense, if there be one, normally are developed at the conclusion of the grand jury's labors, not at the beginning." *Blair v. United States*, 250 U.S. 273, 282 (1919). In short, the Government cannot be required to justify the issuance of a grand jury subpoena by presenting evidence sufficient to establish probable cause because the very purpose of requesting the information is to ascertain whether probable cause exists. *See Hale v. Henkel*, 201 U.S. 43, 65 (1906).

*United States v. R. Enterprises, Inc.*, 498 U.S. 292, 297 (1991).

6

privilege, whether established by the Constitution, statutes, or the common law." *United States v. Calandra*, 414 U.S. at 346.  Thus, the general rule is:

> And while grand juries must respect common law privileges, including that of attorney-client, *United States v. Calandra*, 414 U.S. 338, 346 (1974), a proper invocation of the privilege is limited to that which is necessary to achieve its purpose, which is to protect confidential disclosures made within the context of an attorney-client relationship. *See Fisher v. United States*, 425 U.S. 391, 403(1976).

*In re Subpoenaed Grand Jury Witness*, 171 F.3d 511, 513 (7th Cir. 1999). At the same time, a witness "'is not entitled to urge objections of incompetency or irrelevancy, such as a party might rise,' . . . [n]or is he entitled 'to challenge the authority of the court or of the grand jury' or 'to set limits to the investigation that the grand jury may conduct.'" *United States v. Calandra*, 414 U.S. at 345 (quoting *Blair v. United States*, 250 U.S. 273, 282 (1919)).

As the above authorities elucidate, this court's supervisory power over the grand jury is narrow and to be used sparingly.  While judicial supervision of the grand jury may be properly exercised within the strictly limited parameters discussed above, the defendants' issues and arguments are neither framed nor presented within those well-established parameters.  The defendants' motion fails to present any compelling

7

reasons for granting such extraordinary and unprecedented relief at this juncture.[2]  Thus, the court concludes it would be an impermissible use of the court's supervisory power to grant a pre-emptive protective order on the terms and grounds presented.  The defendants' motion is denied.

IT IS THEREFORE ORDERED that the Defendants' Motion for Relief (Dk. 372), the Defendants' Motion for Protective Order or Other Relief (Dk. 373), and the Government's Motion to Strike the Defendants' Motions (Dk. 376) are denied as to the arguments and issues raised therein that directly relate to grand jury matters.

Dated this 2nd day of April, 2009, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[2]"[T]he law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority."  *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 300 (1991) (citations omitted).  "Absent a compelling reason, a court may not interfere with the grand jury process." *In re Grand Jury Proceedings # 5 Empanelled*, 401 F.3d 247, 250 (4th Cir. 2005).