IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-10234-MLB |
| ) | |
| STEPHEN J. SCHNEIDER, ) | |
| and ) | |
| LINDA K. SCHNEIDER, a/k/a ) | |
| LINDA K. ATTERBURY, ) | |
| d/b/a SCHNEIDER MEDICAL CLINIC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## GOVERNMENT'S TRIAL BRIEF CONCERNING
## FEDERAL RULE OF EVIDENCE 403

The United States of America, by and through Assistant United States Attorney Tanya J. Treadway, hereby submits its Trial Brief Concerning Federal Rule of Evidence 403, which may impact some pretrial rulings the Court made in January 2009. To the extent the Court wishes to treat this pleading as a motion for reconsideration, in light of the recent Tenth Circuit opinion, the government is filing it by the motions deadline set in the Court's letter dated February 9, 2010.

### INTRODUCTION

During pretrial hearings, the Court made various rulings on limine motions, preliminarily precluding some evidence, and announcing generally its intention to use Rule 403 frequently. *See* Doc. 334 at p.12 (Transcript of January 26, 2009, Motion Hearing). But, as the Court also indicated in its Order, "nothing in this order will preclude the admissibility of the excluded evidence if it otherwise becomes relevant at

1

trial." *See* Doc. 312 at p. 2.   The government respectfully asks the Court to consider the legal authorities and arguments in this brief to require the defendants to meet the exacting standards of Rule 403 before excluding relevant evidence.  The defendants must not be allowed to use Rule 403 improperly to prevent the government from offering all of the evidence necessary for the government to fairly present its entire case.

## DISCUSSION

**A.    Rule 403 is rule of inclusion, not exclusion, and its exclusionary provisions are to be used sparingly.**

"Excluding otherwise admissible evidence under Rule 403 is an extraordinary remedy that should be used sparingly."  *United States v. Leonard*, 439 F.3d 648, 652 (10th Cir. 2006) (citation, alteration, and internal quotation marks omitted); *see also, United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999).

> Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing.  Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. . . .   Rule 403 . . . is not designed to permit the court to "even out" the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none.

*United States v. Naranjo*, 710 F.2d 1465, 1469 (10th Cir. 1983) (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979); *see also United States v. Calderon*, 578 F.3d 78, 98 (1st Cir 2009) ("Although the discussion of murder at any level of detail was bound to leave an impression on the jury, 'trials were never meant to be antiseptic affairs; it is only unfair prejudice, not prejudice per se, against which Rule 403 guards.'")

(quoting *Veranda Beach Club Ltd. P'ship v. W. Supply Co.*, 936 F.2d 1364, 1372 (1st Cir. 1991).[1]

During the course of motions practice, the defendants have persisted in an incorrect interpretation of Federal Rule of Evidence 403. Essentially, the defendants appear to believe that once they have deemed a piece of evidence "prejudicial" or "inflammatory" or even "cumulative," their burden is over, and the evidence must be excluded under 403. But, of course, as this Court well knows, that is not the end of their burden. Instead, the defendants must show how the relevant evidence is <u>unfairly</u> prejudicial, because "any proof highly probative of guilt is prejudicial to the interests of [the] defendant. The prejudice that Rule 403 is concerned with involves 'some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence.'" *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995) (citation omitted); *United States v. Schneider*, ___ F.3d ___, 2010 WL 430915 *6 (10th Cir. Feb. 8, 2010) ("We agree presenting evidence of a doctor's responsibility for the deaths of over twenty patients may have a profound effect on the jury, but that is the precise conduct for which the Schneiders are charged. . . . While the evidence is certainly prejudicial, it is not unfairly prejudicial.").

Thus, to exclude otherwise relevant evidence, the evidence must be <u>unfairly</u> prejudicial, and the unfair prejudice must <u>substantially</u> outweigh its probative value.

---

[1] In the *Calderon* case, murders were charged as overt acts in furtherance of the conspiracy, but the defendants were not individually charged with the murders. The First Circuit affirmed the district court's decision to admit evidence of the murders because these overt acts helped establish not only the existence of the conspiracy but also the defendant's connection to it. *See Calderon*, 578 F.3d at 98.

3

Unfair prejudice in the Rule 403 context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *United States v. Moran*, 503 F.3d 1135, 1145 (10th Cir. 2007) (citations and internal quotation marks omitted).

> [U]nfair prejudice does more than damage the Defendant's position at trial. Indeed, relevant evidence of a crime which the government must introduce to prove its case is by its nature detrimental to a defendant who asserts that he is not guilty of the charged offense. In the Rule 403 context, however, "[e]vidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." Even if this type of prejudice is found, it must *substantially* outweigh the probative value of the evidence in order to be excluded under Rule 403.

*United States v. Tan,* 254 F.3d 1204, 1211-12 (10th Cir. 2001) (quoting *Rodriguez*, 192 F.3d at 951).[2]

> "[O]therwise competent, uncontradicted, relevant evidence is not rendered inadmissible because it is strongly probative on the essential elements of the identity and intent of the accused and where coupled with other evidence may be strong circumstantial proof of such elements of the crime. . . . The necessity of the evidence to prove the Government's case is a factor to be used in weighing its admissibility under balancing tests. . . . In so weighing the evidence, the court should be mindful of the heavy burden the Government bears to prove its case beyond a reasonable doubt and

---

[2] In *Tan*, the Tenth Circuit also noted that the Fourth Circuit has held that there is no unfair prejudice under Rule 403 when the extrinsic act (under Rule 404(b)) is no more sensational or disturbing than the charged crime(s). *See Tan*, 254 at 1212 (citing *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995)). Notably, the evidence the defendants seek to exclude in this case is intrinsic evidence, not 404(b) extrinsic evidence.

> should not unduly restrict the Government in the proof of its
> case.

*United States v. Day*, 591 F.2d 861, 877 n.29 (D.C. Cir. 1978).

Finally, Rule 403 cannot be used to "impinge on the government's right to prove all essential elements of its case." *United States v. Wacker*, 72 F.3d 1453, 1472 (10th Cir. 1995). Nor can it be used as a device to manage the length of a trial. *See United States v. Columb*, 419 F.3d 292, 297 (5th Cir. 2005) (court's case-management authority "does not provide an independent ground for excluding otherwise admissible evidence"); *Schneider*, 2010 WL 430915 at *5 ("This is not to say the trial court may not exclude some of this evidence at trial under Rule 403. . . . But such restrictions may be imposed only when they do not foreclose the government from fairly presenting its case.").

**B.     The Court should allow witnesses to testify using common terminology used in the health care industry, including "pill mill."**

During pretrial motions, defendants moved to strike certain surplusage from the Indictment, including the term "pill mill." *See* Doc. 100. The government responded, *See* Doc. 114, indicating that the term "pill mill" was one used by the government's experts. The Court denied defendants' motion. *See* Doc. 154. Defendants again moved, this time in limine, to preclude the government from using the terms "pill mill" or "script doctor." *See* Doc. 262. The government responded. *See* Doc. 283. In a Memorandum and Order dated January 28, 2009, the Court changed its prior position and ruled that the terms "pill mill" and "script doctor" were precluded because, as defendants' claimed, they were "inflammatory rhetoric." *See* Doc. 312 at p. 8. But these terms are not inflammatory, nor unfairly prejudicial, such that their exclusion is required under Rule 403.

5

Throughout the course of these proceedings, the defendants have taken the position that the government must prove the defendants were "acting as drug dealers." *See, e.g.*, Doc. 105 at pp. 1, 16, 18-19, 21; Doc. 188 at p. 13. In defining what the term "drug dealers" means, the defendants themselves used the terms they wish to preclude from trial. *See* Doc. 188 at p. 13 ("that a physician departed from the practice of medicine and acted as a drug dealer (*e.g.* that he ran a "pill mill" . . . )).

The government must prove that the defendants were acting outside the usual course of medical practice and prescribing controlled substances for other than a legitimate purpose. *See Schneider*, 2010 WL 430915 at *6. Yet, the defendants have asked the Court to exclude the very terms the health care industry uses to identify doctors as ones acting as "drug dealers". Thus, the defendants want to preclude the government from proving its case through the terms of art and natural references almost all witnesses use in describing the defendants' practices. Indeed, even the defendants' own expert, Barry Eliot Cole, has used the term "script clinics" in his writings and makes reference to "prescription mills" and "drug dealer" in his expert disclosure,[3] and the term

---

[3] *See, e.g.*, Exhibit 1, Excerpt from "Prescribing Opioids, Relieving Patient Suffering and Staying out of Personal Trouble with Regulators" ("I am aware that there are "bad apples" in the world and I do know "script clinics" exist that have done less than was required under both federal and state laws regarding controlled substances while clearly making their operators very wealthy."). *See* Defendants' Expert Disclosure dated July 31, 2008 at p. 6 ¶ 37 ("prescription 'mill'"), p. 7 ¶ 38(c) ("drug dealer"); p. 8 ¶ 38(I) ("drug dealer"); Defendants' Expert Disclosure dated September 29, 2008 at ¶ 36 ("prescription 'mill'"); ¶ 37(c) ("drug dealer"); ¶ 37(I) ("drug dealer").

"script doctors" or "script doc" appears frequently (and has appeared for decades) in medical literature about prescription drug abuse and addiction.[4]

During the course of the investigation, numerous witnesses, including medical and non-medical former employees[5] of Schneider Medical Clinic, Emergency Room physicians, and experts have used the terms "pill mill", "prescription mill," "script doctor", "patient mill", and "narcotics delivery system", in describing the defendants' practices at the Clinic, and have also referred to the defendants as being engaged in "drug dealing" or being like a "drug dealer in the street."  This is not surprising, since all of these terms have essentially become terms of art associated with cases involving the illegitimate prescribing of controlled substances.[6]  As such, they are not surplusage, nor are they inflammatory.  *See, e.g. United States v. Ianniello*, 621 F. Supp. 1455, 1479 (S.D.N.Y. 1985) ("Terms of art associated with charging the offense are not surplusage.").  If the defendants' term "drug dealer" is not inflammatory, it is difficult to understand how less

---

[4] *See, e.g.*, Exhibit 2, Excerpt from Principles of Addiction Medicine, 3d Ed. 2003, at p. 1490 stating that "dishonest" physicians are also known as "script doctors"; Exhibit 3, Excerpt from "Prescription Drug Abuse, Patient, Physician, and Cultural Responsibilities", Addiction Medicine and the Primary Care Physician, May 1990, p. 615-16 (discussing dishonest physicians who use medical licenses to deal drugs and the classic profile of the "script doc").

[5] *See, e.g.*, Exhibit 4, Excerpt from September 18, 2009, Deposition of former employee Tammi Stephens in *Hambelton v. Schneider*, 07-CV-4738, p.128 ("90 percent of the people that worked there, yes, they did make the comments that this place was only a pill mill").

[6] Even one of the defendants' civil defense experts, Dr. Robert Twillman, gave his definition of a "pill mill" in a deposition.  *See* Exhibit 5, Excerpt from September 24, 2009, Deposition in *Roberts v. Schneider*, 06-CV-4620, p. 141 ("my definition of a pill mill would be a situation in which people come in, they're not examined, not given any medical care whatsoever.  There's an exchange of money in – in return for prescriptions for addictive substances.").

evocative terms of art, such as "pill mill", "prescription mill", and "script doctor" can be inflammatory or improper.

As an additional indicator that these terms have become terms of art in these types of prosecutions, the government offers the Court the following case citations, all 14 of which use the terms "pill mill" or "prescription mill" in describing medical practices similar to the one at issue in this case: *Volkman v. U.S. Drug Enforcement Administration*, 567 F.3d 215, 218 (6th Cir. 2009); *United States v. Mukherjee*, 289 Fed Appx. 107, 112 (6th Cir. Aug. 14, 2008); *United States v. McFadden,* 187 F3d. Appx. 290, 292 (4th Cir. June 28, 2006); *United States v. Sawaf*, 129 Fed. Appx. 136, 141 (6th Cir. Mar. 22, 2005); *United States v. Russell*, 1998 WL 136574 *1 (6th Cir. Mar. 19, 1998); *United States v. Leal*, 75 F.3d 219, 221, 223, 223 n.1, 225 (6th Cir. 1996); *United States v. Brown*, 1992 WL 27019 *1 (6th Cir. Feb. 13, 1992); *United States v. Patel*, 1992 WL 11779 *1 (6th Cir. Jan. 24, 1992); *United States v. Cooper*, 868 F.2d 1505, 1511 (6th Cir. 1989); *United States v. Shaygan*, 2009\ WL 980289 *2, n.2 (S.D. Fla. April 9, 2009); *United States v. Stack*, 2009 WL 151730 *3, 7, 19, 21 (D. Utah Jan. 22, 2009); *United States v. Mukherjee*, 2006 WL 3031667 *3 (E.D. Mich. Oct. 23, 2006); *United States v. Bodwin*, 292 F. Supp. 2d 484, 489, 497 (S.D.N.Y. 2003); *Oregon v. Rasmussen*, 192 F. Supp. 2d 1077, 1090 (D. Or. 2002).

"Merely inflammatory evidence need not be excluded under Rule 403; to fall within the rule, the evidence must have a tendency to entice the jury to decide the case on an improper basis." *United States v. Dhingra*, 371 F.3d 557, 565 (9th Cir. 2004). Thus, "[t]o warrant exclusion under Rule 403, '[the evidence's] probative value must be insignificant compared to its inflammatory nature so that the evidence <u>unfairly</u>

8

prejudices the defendant.'" *United States v. Gougis*, 432 F.3d 735, 743 (7th Cir. 2005) (quoting *United States v. Rutledge*, 40 F.3d 879, 885 (7th Cir. 1994)).

In this case, the terms the defendants wish to exclude are not only **not** inflammatory, they are necessary to prove the government's charges, they are necessary to rebut defendants' claims that they provided legitimate medical care and prescriptions, and they are ordinary terms used within the health care industry to describe what the defendants were doing. Thus, the terms are far from being inflammatory or outrageous. But even outrageous evidence is admissible. For example, in a fraud and money laundering prosecution, the D.C. Circuit explained why the admission of evidence that it described as "outrageous" was appropriate, even though it "may dramatically have injured [defendant's] cause."

> But that is not sufficient reason to exclude the testimony. . . . Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to a jury. It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone. . . . It does not bar powerful, or even "prejudicial" evidence.

*United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998); *see also*, *McCrae*, 593 F.2d at 707 (upholding trial court's admission of gross, distasteful, and disturbing crime scene photos in murder trial in which defendant admitted to shooting his wife, but claimed it was an accident); *accord*, *United States v. Bradley*, 145 F.3d 889, 893 (7th Cir. 1998).

The government submits that the defendants cannot eat their cake and have it too. If they claim that the government must prove them to be "drug dealers", the

government must be allowed to present witness testimony in which the witnesses are allowed to use the terms they normally use in the health care industry to indicate that medical professionals are acting outside the usual course of medicine and prescribing controlled substances without a legitimate medical purpose. This would apply to experts' opinions, as well as to lay opinions, because as has long been held in the Tenth Circuit, expert testimony is not always necessary to prove that a doctor was issuing prescriptions outside the usual course of medicine and not for a legitimate medical purpose. *See United States v. Smurthwaite*, 590 F.2d 889, 892 (10th Cir. 1979); *United States v. Bartee*, 479 F.2d 484, 488-89 (10th Cir. 1973).[7]

Federal Rule of Evidence 701, the lay opinion rule, "was primarily designed to allow lay individuals to express opinions that are in reality only a shorthand statement of fact." *Asplundh Mfg. Div. v. Benton Harbor Engineering*, 57 F.3d 1190, 1193 (3d Cir. 1995). "Allowing witnesses to state their opinions instead of describing all of their observations has the further benefit of leaving witnesses free to speak in ordinary language." *Government of Virgin Islands v. Knight*, 989 F.2d 619, 630 (3d Cir. 1993). Allowing both experts and lay witnesses to testify that the defendants were running a "pill mill" is nothing more than a shorthand description that the defendants were acting outside the normal course of practicing medicine. As the Tenth Circuit long ago explained:

> [L]ay witnesses are frequently permitted to use so-called "shorthand" descriptions, in reality opinions, in presenting to

---

[7] Other circuits have held the same. *See, e.g., United States v. Armstrong*, 550 F.3d 382, 389 (5th Cir. 2008); *United States v. Word*, 806 F.2d 658, 663-64 (6th Cir. 1986); *United States v. Larson*, 507 F.2d 385, 387 (9th Cir. 1974).

>the court their impression of what transpired.  This is the
>common sense view that leaves the witness free to speak in
>ordinary language, unbewildered by admonition from the
>judge to testify to facts, when the witness is sure he is
>testifying to the facts.

*Stone v. United States*, 385 F.2d 713, 716 (10th Cir. 1967).

The government respectfully requests that the Court re-evaluate its limine ruling in light of the defendants' pleadings, their own experts witnesses' professional writings and disclosures, the ample case law indicating that the terms to be used by the witnesses are recognized as terms of art, and the clear failure by the defendants to indicate how the terms "pill mill", "prescription mill", or "script doctor" are unfairly prejudicial and more so than their own term of "drug dealer."

**C.    The government is allowed to present cumulative evidence to carry its heavy burden of proof beyond a reasonable doubt; only <u>needlessly</u> cumulative evidence should be excluded.**

In some sense, every bit of evidence offered is "cumulative."  C. Wright, K. Graham, <u>Federal Practice & Procedure</u> § 5220 (2009).  As the language of Rule 403 implies, cumulative evidence is not "bad per se"; it is the "needless presentation" that is to be avoided.  *Id*.  Thus, cumulative evidence must be needlessly cumulative before its admission can be curtailed.  *See United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990). Additionally, even needlessly cumulative evidence can only be excluded if it will create unfair prejudice that substantially outweighs its probative value.  *See, e.g., United States v. Taylor*, 1997 WL 661153 at *2 (9th Cir. 1997).  The defendants have never come close to meeting these standards.  And, "[i]n the absence of a significant showing of unfair prejudice, evidence with substantial probative value should not be excluded."  *United States v. Jamil*, 707 F.2d 638, 644 (2d Cir. 1983).

The "needlessly cumulative" prong of Rule 403 is not a sufficiency of the evidence consideration. The sufficiency of the evidence is a question reserved for the jury, and in determining the admission or exclusion of evidence under this prong of Rule 403, the Court is not to be concerned with whether or not the proponent of the evidence has or has not proved his case. "Instead, the question to be asked is whether the evidence on one side is so full that no jury that rejected it would be likely to change its mind because of the introduction of the proffered evidence." Wright & Graham, *supra*, at § 5220. "This is a rather severe test for the exclusion of cumulative evidence but it is necessary if the judge is to be prevented from using Rule 403 as a device for usurping the function of the jury." *Id.*

Although they have never heard a shred of testimony, the defendants have argued that the government's evidence is cumulative. As the Court indicated in an earlier Memorandum and Order, the government is entitled to offer evidence in support of allegations in the indictment. *See* Doc. 154 at pp. 6-7 ("The court must assume that the government will offer evidence to prove the allegations in the indictment."). Moreover, it is premature to exclude evidence as cumulative during pretrial proceedings. *See Jamil*, 707 F.2d at 643 (reversing such a ruling on interlocutory appeal).

Despite their statements that they want the "jury to hear all of the facts at trial,"[8] the defendants do not want the government to prove its case, objecting to every exhibit,

---

[8] Doc. 307 at p. 2; *see also* pp. 3-4 (Defendants are "prepared to defend the case and prove their innocence, even on the allegations of 59 deaths, . . . [because] Dr. Schneider did not cause the deaths of any of the individuals.").

12

*see* Doc. 255, and vehemently and repetitively arguing for the exclusion of the government's expert witnesses.  *See, e.g.,* Doc. 188, 215, 220, 222.  The government will not be presenting <u>needlessly</u> cumulative evidence, but will instead be presenting evidence to meet its burden of proof, especially as to the element of defendants' knowing and intentional conduct, which can be "an elusive object of proof."  *United States v. DeVincent*, 632 F.2d 147, 151 (1st Cir. 1980) (holding that the government is not confined to presenting bare recitals of information, and stating that there is no legal principle which would impose a "worst evidence" rule on the government).

The government's witnesses will offer "evidence so probative that it would likely change the mind of the factfinder" and is therefore not needlessly cumulative.  *United States v. Dickerson*, 166 F.3d 667, 680 (4th Cir. 1999) (referencing Wright & Graham, <u>Federal Practice & Procedure</u>, § 5220 at 306 (1978).  Just because evidence is supportive of other evidence that has already been admitted does not make the evidence cumulative.  "The government must prove each element of the charge 'beyond a reasonable doubt' . . . and even repetitive evidence may be admitted in order that the government be able to satisfy its very high burden."  *Taylor*, 1997 WL 661153 at **3.  Because the government "has a heavy burden of proof beyond a reasonable doubt as to all elements of the offense, . . . it is not to be restricted to a modest quantum of evidence that will support the indictment."  *United States v. Gallo*, 543 F.2d 361, 365 (D.C. Cir. 1976).

Evidence is "cumulative" when it adds very little to the probative force of the other evidence in the case.  *See United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996).  If evidence contributes to the determination of the truth, it is not cumulative.  *See id.*

13

Evidence is not cumulative when it is depicting information from a different perspective, such as from a different time period.  *See International Halliwell Mines, Ltd. v. Continental Copper & Stell Industries, Inc.*, 544 F.2d 105, 109 (2d Cir. 1976).  Similarly, evidence is not cumulative when its exclusion would leave a chronological and conceptual void in the story.  *See United States v. Vretta*, 790 F.2d 651, (7th Cir. 1986) (allowing evidence of murder of a second person in a kidnapping case).  Even repetitive evidence is not cumulative if it is probative of a fact's duration, and is not merely offered to prove the fact's existence*.  See also, United States v. Ives*, 609 F.2d 903, 933 (9th Cir. 1979).  When witnesses offer different details about the same event, their testimony is also not cumulative.  *See K-B Trucking Co. v. Riss International Corp.*, 763 F.2d 1148, 1156 (10th Cir. 1985); *United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982).

## CONCLUSION

In keeping with the above-discussed law, the government asks the Court to sparingly use Rule 403, and to only exclude evidence the defendants can prove to be <u>unfairly</u> prejudicial such that the unfair prejudice will substantially outweigh the evidence's probative value.  The government asks that its witnesses be allowed to use the shorthand terms of art commonly used in the health care industry to indicate that medical professionals are acting outside the usual course of medicine and prescribing controlled substances without a legitimate medical purpose.  Finally, only <u>needlessly</u> cumulative evidence rising to the unfairly prejudicial standard should be considered for exclusion.

Respectfully submitted,

LANNY WELCH
United States Attorney

s/ Tanya J. Treadway

Tanya J. Treadway #13255
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following individuals:

Lawrence W. Williamson, Jr.
218 Delaware, Suite 207
Kansas City, MO   64105

Kevin P. Byers
529 E. Town Street, Suite 200
Columbus, OH   43125-3456

Eugene V. Gorokhov
1739 Clarendon Blvd.
Arlington, VA   22209

David Phillip Leon
1540 N. Broadway, Suite 101
Wichita, KS   67214

s/   Tanya J. Treadway
Tanya J. Treadway #13255
Assistant United States Attorney