IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 07-10234-MLB |
| ) | |
| STEPHEN J. SCHNEIDER, ) | |
| and  ) | |
| LINDA K. SCHNEIDER, a/k/a ) | |
| LINDA K. ATTERBURY, ) | |
| d/b/a SCHNEIDER MEDICAL CLINIC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## GOVERNMENT'S TRIAL BRIEF REGARDING
## CERTAIN EVIDENTIARY ISSUES

The United States of America, by and through Assistant United States Attorney Tanya J. Treadway, submits this Trial Brief to alert the Court about evidentiary issues which may arise during the trial of the above-captioned case.

### INTRODUCTION

As the Court is well aware, this case is a drug distribution, health care fraud, and money laundering prosecution arising from the defendants' operation of their ostensible medical clinic. Consequently, many hearsay and other evidentiary issues may arise from the numerous documents and statements to be admitted during the course of the trial. The government submits this trial brief in anticipation of these issues and to hopefully prevent the need for numerous, time-consuming bench conferences.

DISCUSSION

Billing records, as well as client records, by their very nature, give rise to possibilities for hearsay statements by clients, counselors, and health care benefit programs. Nevertheless, most of these statements will not be hearsay, by definition, or will be admissible under exceptions to the rule against hearsay.

**A.   Questions, orders, and directions are not assertions; therefore, they are not hearsay.**

According to Federal Rule of Evidence 801, hearsay is an out-of-court statement, that is, an out-of-court assertion. Questions are not assertions.[1] Similarly, orders and directions are not assertions.[2] Additionally, questions and orders, by their nature, are neither true nor false, and are thus not offered for their truth.[3]

**B.   A statement revealing the speaker's state of mind, or a statement offered to show the effect on the listener, are not offered for the truth of the matter asserted.**

An out-of-court statement must be both an assertion <u>and</u> be offered to prove the truth of the matter asserted to come within the definition of hearsay. Thus, statements are not hearsay if offered to prove notice or knowledge of the information related in the

---

[1] See <u>United States v. Jackson</u>, 88 F.3d 845, 848 (10th Cir. 1996); <u>United States v. Robinzine</u>, 80 F.3d 246, 252 (7th Cir. 1996); <u>United States v. Lewis</u>, 902 F.2d 1176, 1179 (5th Cir. 1990).

[2] See <u>United States v. Nieto</u>, 60 F.3d 1464, 1468 (10th Cir. 1995); <u>United States v. Shepherd</u>, 739 F.2d 510, 514 (10th Cir. 1984).

[3] <u>See</u>, e.g., <u>Shepherd</u>, 739 F.2d at 514.

statements, because the notice or knowledge is important, regardless of whether the declarant was telling the truth.[4]

Thus, statements revealing a speaker's state of mind are not offered to prove the truth of the matter asserted.[5] Additionally, statements offered to show their effect on the listener, or to explain the listener's knowledge or subsequent actions, are not offered for their truth.[6] Similarly, testimony is also not hearsay if it is offered to show the context within which the individuals had been acting, or to show a person's motive or intent for behavior.[7]

The government will be offering such evidence in its case-in-chief to show what the defendants and witnesses knew, what the defendants and witnesses had notice of, and why the defendants and witnesses acted in the manner in which they acted.[8]

---

[4] See S. Saltzburg, M. Martin, D. Capra, 4 Federal Rules of Evidence Manual (8th ed.) § 801.02[1][f] (2002).

[5] See United States v. Branham, 97 F.3d 835, 851 (6th Cir. 1996).

[6] See United States v. Barela, 973 F.2d 852, 855 (10th Cir. 1992); United States v. Lambinus, 747 F.2d 592, 597 (10th Cir. 1984); see also 5 Weinstein's Federal Evidence (2d Ed.) § 801.11[5][a] (2003).

[7] See 5 Weinstein's Federal Evidence (2d Ed.) § 801.11[5][b] (2003).

[8] See United States v. Calhoon, 97 F.3d 518, 533 (11th Cir. 1996) (testimony of an attorney's statements to the defendant, informing him that his actions were inappropriate, were offered to show that the defendant was on notice that there was reason to question the propriety of his actions, not for the truth of the matter); accord, United States v. Cancelliere, 69 F.3d 1116, 1123 (11th Cir. 1996) (deceased father's letters introduced to prove that son was on notice that his statements to bank were false); United States v. Gold, 743 F.2d 800, 817-18 (11th Cir. 1984) (employees' statements putting superiors on notice that billing practices were questionable admitted as non-hearsay).

### C. Statements of physical condition for purposes of medical treatment are firmly-rooted exceptions to the hearsay rule.

Many of the statements recorded in the defendants' documents and many of the statements made to health care providers (including defendants, their employees, Emergency Room personnel, and pharmacists) will be those that the speaker made about their "then existing state of mind, emotion, sensation, or physical condition." As such, they are admissible under Federal Rule of Evidence 803(3).

Moreover, such statements were made for the purpose of "medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, . . . or the general character of the cause." These statements are admissible under Federal Rule of Evidence 803(4).[9] Rule 803(4) statements have been held to include statements to non-physicians, including pharmacists.[10] The assumption underlying this exception to the hearsay rule is that the desire for proper diagnosis or treatment outweighs any motive to falsify.[11]

To be admissible under Rule 803(4), the statement must satisfy two tests. First, the declarant's motive in making the statement must be consistent with the purpose of

---

[9] See, e.g., Petrocelli v. Gallison, 679 F.2d 286, 291 (1st Cir. 1982) (statements reasonably pertinent to diagnosis and treatment).

[10] See Smith v. Pfizer, Inc., 2010 WL 668290 *7 (M.D. Tenn. Feb. 19, 2010) (holding that a pharmacist comes within Rule 803(4)); United States v. Kappell, 418 F.3d 550, 556 (6th Cir. 2005) (noting that Rule 803(4) covers statements made to non-physicians and holding that it covers statement made to a psychotherapist even though therapist was neither a doctor nor a nurse); see also, Fed. R. Evid. 803(4) committee notes ("[s]tatements to hospital attendants, ambulance drivers, or even members of the family might be included in the scope of the exception).

[11] See Advisory Committee's Note to Rule 803(4).

promoting treatment.[12]  Second, the content of the statement must be such as is reasonably relied upon by health care providers in treatment or diagnosis.[13]  A fact reliable enough to serve as the basis for a diagnosis is also reliable enough to escape hearsay proscription.[14]  Such facts include symptoms, objective data, and surrounding circumstances, as well as any other information ordinarily relied upon by experts in the field of medicine that is pertinent to providing diagnoses and treatments.[15]

Therefore, witnesses who take the stand to testify about patients they have personally treated or counseled should therefore be allowed to testify about what the patients told them in the context of seeking and receiving that treatment or information. Similarly, documents containing 803(3) and 803(4() statements are admissible.

### D. Public records are admissible under a firmly-rooted exception to the hearsay rule.

Because of the numerous deaths in this case, the government will be offering both autopsy reports and death certificates into evidence.  Autopsy reports themselves bear sufficient indicia of reliability by virtue of "the routine and repetitive circumstances"

---

[12]  See United States v. Longie, 984 F.2d 955, 959 (8th Cir. 1993).

[13]  See id.

[14]  See United States v. Iron Shell, 633 F.2d 77, 84 (8th Cir. 1980) (quoting 4 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 803(4)([01], at 803-129 (1979)). Cf. Fed. R. Evid. 703.

[15]  Notably, in Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009), the Supreme Court indicated that medical reports created for treatment purposes, as well as other documents long considered to come within the firmly rooted exceptions to the hearsay rule, can be admitted absent a live witness.  See id. at 2533 n.2.

under which they are made.[16]  Moreover, the reports are reliable because they are overseen by medical professionals pursuant to statutorily regularized procedures.[17]

Recent case law suggests that autopsy and toxicology reports can be admitted as public records and/or business records under Federal Rules of Evidence 803(6) and 803(8), without violating a defendant's Confrontation Clause rights.[18]  Additionally, autopsy reports can form the basis of another expert's opinions, as allowed under Federal Rule of Evidence 703, because the expert witness, having reviewed the reports generated by an absent witness, can then render an independent expert opinion.[19]

---

[16] United States v. Rosa, 11 F.3d 315, 333 (2d Cir. 1993).

[17] See id.

[18] See United States v. De La Cruz, 514 F.3d 121, 133-34 (1st Cir. 2008) (autopsy report is a business record); United States v. Feliz, 467 F.3d 227, 229 (2d Cir. 2006) (autopsy reports are not testimonial within the meaning of Crawford); United States v. Mendez, 514 F.3d 1035, 1045 (10th Cir. 2008) (public records and business records fall outside the testimonial ambit of the Confrontation Clause); United States v. Brown, 271 Fed. Appx. 791, 797 (10th Cir. March 31, 2008) (toxicology report not testimonial); United States v. James, 2007 WL 2702449 *2 (E.D.N.Y. Sept. 12, 2007) (toxicology report is part of the autopsy and is admissible under Rule 803(6) and is not subject to Crawford constraints).

[19] United States v. Richardson, 537 F.3d 951, 960 (8th Cir.), cert. denied, 129 S. Ct. 2378 (2009); De La Cruz, 514 F.3d at 133-34 (medical examiner could testify as to his opinion on a cause of death when opinion was based on an autopsy report prepared by another person); United States v. Moon, 512 F.3d 359, 360, 362 (7th Cir.) (experts can base opinions on inadmissible evidence), cert. denied, 129 S. Ct. 39 and 129 S. Ct. 40 (2008); United States v. Henry, 472 F.3d 910, 914 (D.C. Cir. 2007) (nothing prevents an expert witness from relying on otherwise inadmissible evidence in formulating an opinion and testimony); Howard v. Walker, 406 F.3d 114, 126-27 (2d Cir. 2005) (experts can generally testify as to opinions based on hearsay and other inadmissible evidence where a defendant can cross-examine the expert about the reliance); Rogovich v. Schriro, 2008 WL 2753762 *6 (D. Ariz. July 14, 2008).

The government submits that the recent case of Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009) should not be read to prohibit the introduction of autopsy reports through other than the autopsy report's author.  As Justice Thomas pointed out in his concurring opinion, and as the facts of the Melendez case suggest, "the Confrontation Clause is implicated by extrajudicial statements only insofar as they are contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions."  Id. at 2543 (quoting White v. Illinois, 502 U.S. 346, 364 (1992) (Thomas, J., concurring in part and concurring in the judgment).

Autopsy reports are not testimonial because they are prepared and filed in the case of all "sudden, unexpected, or violent deaths," regardless of whether a crime has been committed or a suspect is known, rather than in anticipation of the trial itself.[20]  Thus, autopsies as a general matter are not calculated essentially for use in court, even though they may have that eventual purpose.[21]   The autopsy reports in this case were not prepared in anticipation of a potential criminal proceeding.  None of the autopsies concluded that the manner of death was homicide; instead, the manners of death were typically accident.  All of the autopsies should be admissible under Fed. R. Evid. 803(6) and/or 803(8).  Alternatively, the causes and manners of death can be introduced

---

[20] De la Cruz, 514 F.3d at 133; Feliz, 467 F.3d at 236-37.

[21] See Melendez-Diaz, 129 S. Ct. at 2538; see also, United States v. Martinez-Rios, 2010 WL 323553 (5h Cir. Jan. 28, 2010) ("the holding in Melendez-Diaz relies on a key distinction between records that are kept in the ordinary course of business and those that are specifically produced for use at trial.  The latter are 'testimonial' and are at the heart of statements triggering the Confrontation Clause.").

through the opinion of expert witnesses, regardless of the availability of the autopsy reports' authors.

### E. Records of vital statistics are admissible under a firmly-rooted exception to the hearsay rule.

Death certificates are both public records and records of vital statistics, admissible under Federal Rules of Evidence 803(8) and 803(9). Death certificates in the state of Kansas are recorded by the Kansas Department of Health and Environment, and are self-authenticating certified public records under seal.[22] Melendez-Diaz approved the admission of "[d]ocuments kept in the regular course of business" that are not "'calculated for use essentially in the court.'"[23]

### F. Other public records

The government will be offering driver's license photographs of the deceased individuals to "give them a face" for the jury, to better enable the jury to distinguish the deceased individuals, who can no longer speak for themselves. These, too, are public records, admissible under Federal Rule of Evidence 803(8).

### G. Business records are admissible under a firmly-rooted exception to the hearsay rule.

The government will be offering numerous business records into evidence, and will be relying in large measure on Rule 803(6), the business records exception. The government requested that the defendants review its case-in-chief exhibits and stipulate to the business records foundation of banking and other business records. The

---

[22] See Fed. R. Evid. 902(1).

[23] Melendez-Diaz, 129 S. Ct. at 2538 (quoting Palmer v. Hoffman, 318 U.S. 109, 114 (1943)).

defendants previously stipulated to some business records, Doc. 299, but have not agreed to further stipulations at this time.

"The business records exception is based on a presumption of accuracy, accorded because the information is part of a regularly conducted activity[.]"[24] The motive for keeping accurate business records is high, and the motive for keeping false business records is largely non-existent.[25] Rule 803(6) 'favor[s] the admission of evidence rather than its exclusion if it has any probative value at all,' . . . and the 'principal precondition' to admissibility 'is that the record . . . [has] sufficient indicia of trustworthiness to be considered reliable.'"[26]  Rule 803(6) applies to legal, as well as illegal, enterprises.[27]

The custodian of records who is called to testify need not have been the custodian when the documents were made, nor have been in the employ of the business at the time the records were made.[28]  Moreover, the foundational witness need not have personal knowledge of the entries in the business records; the witness only

---

[24] United States v. Snyder, 787 F.2d 1429, 1433-34 (10th Cir. 1986).

[25] United States v. Rich, 580 F.2d 929, 938 (9th Cir. 1978) (businesses depend on such records to conduct affairs; accordingly, employees have strong motive to be accurate and none to be deceitful).

[26] Phoenix Associates III v. Stone, 60 F.3d 96, 101 (2d Cir. 1995) (citations omitted); accord, United States v. Carranco, 551 F.2d 1197, 1200 (10th Cir. 1977).

[27] See, e.g., United States v. Foster, 711 F.2d 871 (9th Cir. 1983) (drug transaction records).

[28] See, e.g.,  See, United States v. Parsee, 178 F.3d 374, 380 (5th Cir.1999); United States v. Scallion, 533 F.2d 903, 915 (5th Cir. 1976).

needs to know the procedures under which the records were created.[29]  As the Second Circuit explained:

> In light of the complexities of modern business, direct proof of actual knowledge of the person making the record or providing the information is not required, and the requisite knowledge may be inferred from the fact that it was someone's business to obtain such information.[30]

### H. The defendants' records are admissible under a variety of "non-hearsay" theories.

If a prior statement is not offered for its truth, it is not hearsay, by definition.  In large part, the defendants' records from the Schneider Medical Clinic will not be offered for their truth.  Instead, the documents will be offered to show that the defendants were not engaged in the legitimate practice of medicine and were engaged in multiple types of billing fraud.

Furthermore, Federal Rule of Evidence 801(d)(2)(A) allows for the admission of statements made by a party opponent.  All of the business records the defendants prepared are admissions and properly introduced against both defendants under Rule 801(d)(2)(A).  Additionally, these business records are co-conspirator statements, admissible under Rule 801(d)(2)(E).  Finally, business records prepared by employees and agents are admissible against the defendants under Rules 801(d)(2)(C) and (D). The defendants produced their records in response to multiple audits by health care benefit programs, and in response to federal subpoenas.  Defendants' submission of

---

[29] See, e.g., United States v. Childs, 5 F.3d 1328, 1332-34 (9th Cir. 1993).

[30] United States v. Lieberman, 637 F.2d 95, 100 (2d Cir. 1980).

these records to the health care benefit programs and to the government were admissions that these records concerned their business and their billings to the programs.

The evidence will include numerous co-conspirator hearsay statements, both written and oral, which were made both during the course of the conspiracy and in furtherance of the conspiracy. As such, these statements are admissible against both defendants. Although the Court is no doubt familiar with the various types of statements that can be "in furtherance" of the conspiracy, the government briefly discusses some of the law regarding some aspects of the "in furtherance" requirement that will be applicable in this case.

First, a statement need not be made to another co-conspirator to be admissible under Rule 801(d)(2)(E).[31] Statements made to prompt a listener – who may not be a co-conspirator – to respond in a way that promotes or facilitates the carrying out of criminal activity, are Rule 801(d)(2)(E) statements, including misleading statements to others if the statements are intended to allow the conspiracy to continue.[32] Second, the statement need not be made only for the purpose of furthering the conspiracy; instead, just some reasonable basis must exist for concluding that the statement furthered the conspiracy.[33] Thus, a statement is admissible under Rule 801(d)(2)(E) even though it

---

[31] See United States v. Williamson, 53 F.3d 1500, 1519-20 (10th Cir. 1995).

[32] See United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1199 (2d Cir. 1989); United States v. Garcia, 893 F.2d 188, 190 (8th Cir. 1990); United States v. Fahey, 769 F.2d 829, 839 (1st Cir. 1985) (lie to mislead FBI agent into believing no fraud so project could continue)

[33] See United States v. Stephenson, 53 F.3d 836, 845 (7th Cir. 1995).

is susceptible of alternative interpretations.[34] Third, statements intended to conceal the true circumstances surrounding events, statements made for damage control, and statements made to avoid detection can be made in furtherance of the conspiracy.[35]

## CONCLUSION

The government hopes that this trial brief will make the trial more efficient in alerting the Court to various potential hearsay issues and the government's basis for introducing its evidence.

Respectfully submitted,

LANNY WELCH
United States Attorney

s/ Tanya J. Treadway

Tanya J. Treadway #13255
Assistant United States Attorney

---

[34] See United States v. Doerr, 886 F.2d 944, 951-52 (7th Cir. 1989).

[35] See Stephenson, 53 F.3d at 845 (damage control); see also, United States v. Brookins, 52 F.3d 615, 623 (7th Cir. 1995) (avoid detection); Garlington v. O'Leary, 879 F.2d 277, 283-84 (7th Cir. 1989) (control damage, conceal criminal objectives); United States v. Baines, 486 F. Supp. 2d 1288, 1297 (D.N.M. 2007).

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following individuals:

Lawrence W. Williamson, Jr.  
218 Delaware, Suite 207  
Kansas City, MO   64105

Kevin P. Byers  
529 E. Town Street, Suite 200  
Columbus, OH   43125-3456

Eugene V. Gorokhov  
1739 Clarendon Blvd.  
Arlington, VA   22209

David Phillip Leon  
1540 N. Broadway, Suite 101  
Wichita, KS   67214

s/   Tanya J. Treadway  
Tanya J. Treadway #13255  
Assistant United States Attorney