IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-10234-MLB |
| | ) | |
| STEPHEN J. SCHNEIDER, | ) | |
| and | ) | |
| LINDA K. SCHNEIDER, a/k/a | ) | |
| LINDA K. ATTERBURY, | ) | |
| d/b/a SCHNEIDER MEDICAL CLINIC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**GOVERNMENT'S MOTION TO COMPEL COMPLIANCE WITH
RECIPROCAL DISCOVERY AS ORDERED BY THE COURT and
MEMORANDUM IN SUPPORT**

The United States of America, by and through Assistant United States Attorney Tanya J. Treadway, moves the Court for an Order compelling the defendants to comply with the Court's prior Orders concerning reciprocal discovery of witness lists, exhibits lists, and exhibits. Alternatively, the government seeks an order prohibiting the defendants' use of evidence if discovery is not provided. In support of its motion, the government states as follows:

1. The government has provided, and continues to provide, the defendants with all discovery required under the federal rules and <u>Brady</u>, and has provided more than is required under the rules, statutes, and case law. The government has also provided the defendants with its list of witnesses, its exhibit list, and its exhibits.

1

2.     The government's list of witness contains only those witnesses the government intends to call in its case-in-chief, not a laundry list of any possible witnesses.

3.     The government's exhibits and exhibit lists were produced long ago (December 2008), with the newest list and exhibits having only minimal changes.  The government produced the exhibits in the formats the defendants requested, and scanned and labeled each exhibit as a separate document, for ease of use.

4.     The defendants produced the newest version of their witness list on April 5, 2010.  The list contains over 160 witnesses, and ends with a statement of "all living patients listed in the Third Superseding Indictment."  Based on the government's investigation to date, the defendants' witness list contains numerous individuals who have never been contacted by the defense, and have nothing substantive to offer in terms of the facts of the case.  Many witnesses contacted are completely baffled to learn they are on the defendants' witness list.

5.     The defendants were given an extension of time until April 12, 2010, to produce their exhibit list and exhibits to the government.  The government received the newest version of their exhibit list by ECF at approximately 10:00 p.m. on April 12, 2010.  This exhibit list is completely different than the one previously provided in early 2009.

6.     The exhibit list is deficient in that it fails to identify individually all exhibits, choosing instead to list a "series" of exhibits for some exhibits.  The exhibit list is also deficient in that it fails to identify some exhibits with any particularity, choosing instead to identify exhibits with general terms such as "autopsy slide."

7.      Late Monday night, the defendants provided the exhibits by way of a link to a website.  At approximately 3:00 p.m., Tuesday, April 13th, the defendants provided a CD of the same information on the website. The exhibits that have been provided on the website and on CD are unwieldy, to say the least.  Instead of scanning each exhibit separately, the defendants have scanned exhibits "en masse," in three very large .pdf files, which collectively contain 8172 pages of material.  Consequently, and conservatively, the government will have to spend days searching for each exhibit, determining how many pages it contains, determining if it is duplicative of a government exhibit, and then determining if the exhibit should be printed, and if so, printed in black and white or color, and on what size of paper, as there is no way to tell how large the exhibit is from the electronic information.

8.      Trial is less than two weeks away.  Thus, while the defendants have had the government's organized and defined exhibits for over a year, the government is being given less than two weeks to decipher what the defendants have produced, in "en masse" form.

9.      Because the defendants claim to have a computer specialist helping them (Sean Ham), the government can only surmise that the defendants have chosen to make it difficult for the government to review their exhibits, which would fill over 16 reams of paper.  The government is therefore asking that the defendants produce their exhibits in paper, rather than electronically, such that the government does not have to play "hide and seek" through the massive .pdf files provided.  The government requested this accommodation from the defendants, to no avail.

10. Accordingly, the government respectfully requests the Court order the defendants to: (1) provide a witness list containing the names of individuals they have actually contacted, and who they actually intend to call at trial, should they choose to present a defense; (2) provide an exhibit list that individually lists and appropriately identifies each exhibit; and (3) provide the government with actual paper copies of their marked exhibits.

11. Alternatively, if the defendants continue to fail to comply with reciprocal discovery as previously ordered, the government respectfully requests the Court to order alternative sanctions, including, but not limited to, prohibiting the defendants from introducing into evidence those documents of which the government has not been provided paper copies prior to trial.  *See, e.g., Taylor v. Illinois*, 484 U.S. 400, 414-16 (1988) (court correctly excluded expert testimony as sanction for defendant's violation of Rule 16 discovery); *United States v. King*, 703 F.2d 119, 125-26 (5th Cir. 1983) (court properly excluded alibi evidence not produced to government pursuant to reciprocity provisions of Rule 16); *United States v. Hsia*, 2000 WL 195067 (D.D.C. 2000) (Court granted government's motion in limine to prohibit defense from introducing evidence if discovery not provided); *United States v. Ryan*, 448 F. Supp. 810, 811 (S.D.N.Y. 1978) (defendant precluded from introducing any documents not turned over to the government by date certain).

## CONCLUSION

The government respectfully requests that the Court order the defendants to comply with both the letter and the spirit of the previously ordered reciprocal discovery

and provide the requested witness list, exhibit list, and exhibits to the government forthwith.

              Respectfully submitted,

              LANNY WELCH
              United States Attorney

              s/ Tanya J. Treadway

              Tanya J. Treadway #13255
              Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following individuals:

Lawrence W. Williamson, Jr.
218 Delaware, Suite 207
Kansas City, MO   64105

Eugene V. Gorokhov
1739 Clarendon Blvd.
Arlington, VA   22209

Kevin P. Byers
529 E. Town Street, Suite 200
Columbus, OH   43125-3456

David Phillip Leon
1540 N. Broadway, Suite 101
Wichita, KS   67214

              s/   Tanya J. Treadway
              Tanya J. Treadway #13255
              Assistant United States Attorney