**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEPHEN J. SCHNEIDER and LINDA K. ) <br> SCHNEIDER, a/k/a LINDA ATTERBURY, ) <br> d/b/a SCHNEDER MEDICAL CLINIC, ) <br> ) <br> Defendant. ) <br> ) | **Criminal ACTION** <br><br> No. 07-10234-MLB |

**MEMORANDUM AND ORDER**

On June 24, 2010, after an eight-week trial, a jury found defendants guilty of conspiracy, multiple counts of illegally dispensing prescription drugs, health care fraud and money laundering. In addition, the jury found that both the illegal dispensing of prescription drugs and health care fraud resulted in the death of ten Clinic patients. After the verdict, the government moved for detention pending sentencing, pursuant to 18 U.S.C. § 3143(a). The court granted the motion. The court also informed defendants that they could seek release pending sentencing by meeting the statutory requirements set forth in sections 3143 and 3145. Defendants have now moved for release on the basis that there is a "substantial likelihood that a motion for acquittal or new trial will be granted" and that there are "exceptional reasons" defendants should not be detained. (Doc. 490). The government has filed a response. (Doc. 496). The court's clerk inquired of defendants' counsel whether they desired to file a reply and/or have an evidentiary hearing. Counsel responded "no."

## **Analysis**

Because the jury found that defendants' conduct resulted in the death of ten patients, the maximum sentence they could receive is life in prison. Pursuant to section 3143, detention after trial is mandatory when the maximum sentence is life in prison. There are three exceptions to mandatory detention.

> First, a defendant may be released if "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i). Second, a defendant may be released if "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." Id. § 3143(a)(2)(A)(ii). The third exception provides, in pertinent part:
>
> A person subject to detention pursuant to section 3143(a)(2) ..., and who meets the conditions of release set forth in section 3143(a)(1) [unlikely to flee or pose a danger], may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.
>
> Id. § 3145(c).

United States v. Mutte, No. 10-2093, 2010 WL 2413139, *1-2 (10th Cir. June 16, 2010).

Defendants argue that both the first and third exceptions are applicable. The first exception requires that the court find a substantial likelihood that a motion for acquittal or new trial will be granted. In addressing this exception, defendants believe "the numerous evidentiary issues, the inconsistent (and in some instances unsupported) verdicts, the causation issues surrounding patient deaths, the jurisdictional points regarding Gonzales, and other significant legal issues preserved in this record" support a finding of acquittal or a new trial. (Doc. 490 at 2).

-2-

The burden of establishing that the mandatory detention should not be enforced remains on defendants. Instead of setting forth exactly what points will be made and won on a timely Rule 33 motion[1], defendants make generalized statements without any citation to the record or evidence introduced during trial. The court does not know what "evidentiary issues" will be raised by defendants. The court's recollection of this eight week trial is that numerous evidentiary rulings were made both against and in favor of defendants but the court cannot imagine how any, or in combination all, unfavorable evidentiary rulings could serve as a basis for a new trial. The court is also unaware, without an explanation by defendants, how the verdicts are inconsistent and unsupported. The evidence in this case was highly persuasive and appropriately supported. The government methodically addressed every allegation in the indictment, as did the jury. While defendants attempted to discredit the testimony of government witnesses through extensive cross-examination and the presentation of their own witnesses, the verdicts reflect the jury's decision. The court does not find that the verdicts are unsupported.

Further, the court is unclear as to what issues related to causation will be raised. The jury clearly chose to credit the government expert witnesses and did not believe the testimony of Dr. Karch, arguably defendants' causation "expert." As to any arguments pertaining to Gonzalez and "other significant legal issues preserved in this record," the court continues to believe that the rulings made on pretrial motions were correct. The court does not find that

---

[1] Defendants' Rule 29 motion has been denied. (Doc. 497)

defendants will be successful on appeal as to those orders. Therefore, the court does not find a substantial likelihood that a motion for a new trial will be granted.

As to the third exception, defendants assert that there are exceptional reasons to grant them release. (Doc. 490 at 3). The first reason is that there is a "substantial likelihood" of acquittal. The court has determined however, that there is not a likelihood of acquittal. The second reason is that both defendants "can continue to be monitored by pretrial services [and] . . . [defendants] have been fully complaint [sic] with government demands and oversight for the past 31 months." (Doc. 490 at 3). The Eighth Circuit has previously held that "[i]t is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release." United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007). The court agrees. Compliance with court orders does not equate to an exceptional reason.

"[E]xceptional means clearly out of the ordinary, uncommon, or rare." United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007).

> Court decisions addressing and applying the "exceptional reasons" provision have expressed varying views. See, e.g., United States v. Mostrom, 11 F.3d 93, 94 (8th Cir. 1993) (per curiam) (holding that it did not constitute exceptional reasons that the Bureau of Prison's transportation system was generally overwhelmed and could not therefore transport the defendant efficiently to prison); United States v. Herrera-Soto, 961 F.2d 645, 647 (7th Cir. 1992) (per curiam) (finding no exceptional reasons where there was "nothing out of the ordinary about the circumstances of th[e] case"); [United States v.] DiSomma, 951 F.2d at 497-98 (stating that "an unusual legal or factual question can be sufficient ... [or, o]n the other hand, a merely substantial question may be sufficient, in the presence of one or more remarkable and uncommon factors," and affirming order of release where defendant "mount[ed] a direct and substantial challenge on

-4-

> appeal to the factual underpinnings of the element of violence upon which his sole conviction st[oo]d[ ] or f[e]ll[ ]" and where there was no risk of flight or danger to the community); <u>United States v. Green</u>, 250 F. Supp.2d 1145, 1149 (E.D. Mo.2003) (concluding that accumulation of "numerous common circumstances ... alone would not constitute an exceptional reason"); <u>United States v. Charger</u>, 918 F. Supp. 301, 303-04 (D. S.D. 1996) (finding exceptional reasons where young first-time offender was in need of guidance available to him at his father's home and was participating in out-patient alcohol treatment, such that to imprison him "would be counterproductive .... [and] would harm defendant and the interests of society"); <u>United States v. Cantrell</u>, 888 F. Supp. 1055, 1057-58 (D. Nev. 1995) (ordering release of Native American defendant who was subject to dual prosecution by federal and tribal courts and was participating in substance abuse program); <u>United States v. Salome</u>, 870 F. Supp. 648, 653-55 (W.D. Pa. 1994) (declining to order release because defendant had not shown that his situation was "out of the ordinary" or that his detention would be "unduly harsh"); <u>United States v. Hill</u>, 827 F. Supp. 1354, 1356-58 (W.D. Tenn. 1993) (finding exceptional reasons where successful appeal was likely because the district court believed that the evidence was insufficient under circuit precedent to support conviction, but that the district court lacked the authority to enter sua sponte a judgment of acquittal).

<u>United States v. Garcia</u>, 340 F.3d 1013, 1018 (9th Cir. 2003).

There is nothing out of the ordinary about the situation facing defendants or their family. Both defendants are facing multiple mandatory minimum sentences of twenty years. While that fact may be difficult for their family, it has been this court's experience that most families face difficulties when a family member goes to the penitentiary. "Hardships that commonly result from imprisonment do not meet the standard." <u>Garcia</u>, 340 F.3d at 1022. Moreover, the court is not convinced that pretrial services can effectively monitor defendants. The court has been informed by pretrial services that it can only determine if defendants are within a close proximity to their home. Should defendants chose to leave that area, the monitoring device does not tell pretrial services defendants' location.

-5-

Therefore, if defendants chose to flee from their home there would be no way to know if defendants were traveling to the grocery store, Wichita, Mexico or Canada.[2]

The court finds that there are no exceptional circumstances that would justify defendants' release from mandatory detention. Even if there were factors that may justify release, the court would not find that defendants have cleared the additional hurdle of establishing by a clear and convincing evidence that they would not be a flight risk. Defendants' motion for release is denied. (Doc. 490).

IT IS SO ORDERED.

Dated this ___30th___ day of June 2010, at Wichita, Kansas.

> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE

---

[2] At the conclusion of the trial, the court suggested to defense counsel that they speak with the assigned probation officer should defendants desire release. Counsel did not do so.