IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07-10234-MLB |
| STEPHEN J. SCHNEIDER, and LINDA K. SCHNEIDER, a/k/a LINDA K. ATTERBURY, d/b/a SCHNEIDER MEDICAL CLINIC, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

### GOVERNMENT'S REPLY TO DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE and MOTION FOR REPATRIATION AND RESTRAINING ORDER

The United States of America, by and through Assistant United States Attorney Tanya J. Treadway, hereby submits its Reply to Defendants' Response to its Motion for Preliminary Order of Forfeiture and its Motion for Repatriation and Restraining Order. The government submits that the Court can issue a forfeiture ruling on the basis of the evidence at trial and the current pleadings, without any additional hearings, because there are no material contested matters. Additionally, the Court should enter the order for repatriation and a restraining order, as the government has requested.

### DISCUSSION

**Motion for Preliminary Order of Forfeiture**

Based on the defendants' response to the government's motion, and its E-mail to the Court dated September 13, 2010, the government submits that a forfeiture hearing

1

is unnecessary. Simply put, the defendants have offered no evidence to create a material contested matter, nor have they requested a hearing. *See* Fed. R. Crim. P. 32.2(b)(1)(B). The summary of the witness testimony they seek to offer[1] shows that the issues the defendants contest concern ownership of and equity in substitute property, which are not issues before the Court at this time. Therefore, the Court is allowed to determine forfeiture on the pleadings. *See id.*

Based on their pleadings and recent E-mail, the defendants do not contest the forfeiture of any directly forfeitable assets. *See* Doc. 515 at p. 1. The defendants mention the 2004 Hummer, but fail to address the fact that the Hummer is forfeitable as both facilitating property and as property involved in a money laundering transaction. The Court can easily find the 2004 Hummer forfeitable under either of these theories, as well as under the theory that the Hummer was purchased with illegal proceeds of drug dispensing and health care fraud. Moreover, the defendants concede that even if not directly forfeitable, the 2004 Hummer would be forfeitable as substitute property. *See id.* at p. 3 n.1.

The defendants also claim that they do not own their personal residence in Haysville and that L.E. Atterbury has a lien against their Oklahoma lake home. But, these are both substitute assets. Consequently, these assets and the issue of who owns them or their value are not currently before the Court. *See* Fed. R. Crim. P. 32.2(c)(4) ("An ancillary proceeding is not part of sentencing."). The defendants' claims that these assets are either owned by L.E. Atterbury or subject to his lien, are simply

---

[1] The defendants provided this information to the Court and the government via an E-mail dated September 13, 2010, at 10:45 p.m.

irrelevant at this juncture. See Fed. R. Crim. P. 32.2(c)(2) ("The defendant may not object to the entry of the final order [of forfeiture] on the ground that the property belongs, in whole or in part, to a codefendant or third party; nor may a third party object to the final order on the ground that the third party had an interest in the property.").

Therefore, should a third party file the necessary petition asserting an interest in the property to be forfeited, that will be handled in an ancillary proceeding. See Fed. R. Crim. P. 32.2(c); see also, e.g., United States v. Andrews, 530 F.3d 1232, 1236 (10th Cir. 2008) (when the court determines the forfeitability of the property, it may not determine the rights of third parties in the property; the ownership issue is deferred to the ancillary proceeding); United States v. Wittig, 2006 WL 13158 at *3 (D. Kan. Jan. 3, 2006); United States v. Weidner, 2004 WL 432251 at *5 (D. Kan. April 4, 2004); United States v. Weidner, 2003 WL 22176085 at *1 (D. Kan. Sept. 17, 2003).

Should an ancillary proceeding be necessary, the government will again provide proof to the Court that – (1) these assets belong to the defendants and have significant value; (2) L.E. Atterbury is, at best, a straw or nominee owner as to the Haysville residence; and (3) L.E. Atterbury's lien against the Oklahoma lake home is fraudulent. Consequently, these assets will be forfeitable as substitute assets. See, e.g., United States v. Houlihan, 92 F.3d 1271, 1299-1300 (1st Cir. 1996) (if the defendant is the true owner of property held by a nominee or a straw, the property can be forfeited); United States v. Ida, 14 F. Supp. 2d 454, 459-61 (S.D.N.Y. 1998) (same).

Beyond an insufficient general denial, the defendants offer no rebuttal to the government's proof offered at trial, including the proof that the defendants' Clinic was

3

permeated by fraud and that they fraudulently obtained millions of dollars from the health care benefit programs and their "patients." Instead, the defendants make a vague argument that the government must again prove that the proceeds and property sought to be forfeited came from illegal, as opposed to legal, conduct at the Clinic. Notably, the defendants completely fail to address the money and property involved in the money laundering charges. See Doc. 510 at pp.19-22.

Forfeiture requires the "disgorgement of the fruits of illegal conduct." *United States v. Ursery*, 518 U.S. 267, 284 (1996). "Restitution is loss based, while forfeiture is gain based." *United States v. Genova*, 333 F.3d 750, 761 (7th Cir. 2003); see also, *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006). At this juncture, the government is only required to prove that the property is forfeitable under a preponderance standard, which it has easily met, since at trial, the government proved beyond a reasonable doubt that the defendants committed health care fraud and illegally dispensed drugs,[2] and as a result of those crimes, reaped monetary gain, which they then laundered.

The government's evidence at trial proved that the defendants fraudulently obtained the gross proceeds and property it now seeks to forfeit under a variety of theories. As explained in its Motion for Preliminary Order of Forfeiture, the evidence at trial cast doubt on all of the defendants insurance claims, which the valid random sample reviews and Dr. Jorgensen's review revealed were fraudulent in numerous

---

[2] With regards to the illegal drug dispensing, there is a rebuttable presumption that property acquired during the period of the violation is subject to forfeiture. See 21 U.S.C. § 853(d).

4


respects.[3] *See* Doc. 510 at 13-19. In health care fraud cases, the Court is not required to deduct or offset any "legitimate" portion of the false and fraudulent claims. *See United States v. Poulin*, 690 F. Supp. 2d 415, 426-31 (E.D. Va. 2010); *United States v. Boesen*, 473 F. Supp. 2d 932, 951-56 (S. D. Iowa 2007); *accord, United States v. Boring*, 557 F.3d 707, 714 (6th Cir. 2009) (when a defendant overbills a government agency, forfeiture of the entire payment to the defendants is allowed, irrespective of victim's loss).

Because the defendants "do not specifically contest the forfeiture of identified items," Doc. 515 at p. 1, it is unclear what assets they contend were purchased with lawful sources of money. The defendants must offer some evidentiary support that at least some of the value in a given asset came from lawful sources. *See Genova*, 33 F.3d at 763. Having failed to offer any evidentiary support in their response, and having failed to identify any witnesses that will offer such testimony in a forfeiture hearing, the defendants' vague and unsupported argument that unidentified assets were purchased with lawful sources must fail. Moreover, to the extent the defendants are contending that the money judgment should be less than the amounts proved at trial and discussed in the government's Motion for Preliminary Order of Forfeiture, they appear to be arguing about the amount of loss, not the amount of their gain. Because the

---

[3] The defendants claim that the "evidence at trial was that thirty percent of claims were improperly coded." Doc. 515 at p. 2. The government does not know the basis of this claim, as it flies in the face of the summary exhibits introduced at trial and the summary exhibits offered with the government's motion, as well as the testimony of the 4 reviewers and Dr. Jorgensen. An average of 37% of the claims were upcoded in terms of provider, and an average of 58% were upcoded in terms of services. *See* Government Exhibit 1Q-2, attached.

defendants ran their Clinic in the manner in which they did, it was permeated by fraud, which means that the entirety of the gross proceeds received is their gain for purposes of forfeiture.

During the course of trial, the Court heard sufficient evidence to find, by a preponderance of the evidence, that the government has proved entitlement to forfeiture, as previously set forth in its Motion for Preliminary Order of Forfeiture. The government is not required to resubmit its evidence during the forfeiture phase. See Fed. R. Crim. P. 32.2(b)(1)(B). The government therefore stands on its prior pleading, Doc. 510.

## Motion to Repatriate and for Restraining Order

The defendants offer nothing of substance in response to the government's Motion to Repatriate and for a Restraining Order, other than to object "completely"[4] based on their claim that they are unable to comply personally with any orders the Court may enter because of their "lack of access" (*i.e.*, their incarceration) and based on their disagreements with the wording of the proposed order. The government submits that the defendants are represented by counsel, who can act on their behalf to comply with any orders the Court may enter, including preparing a letter of

---

[4] Doc. 515 at p. 2. The defendants state that the government failed to seize property located in a different country and the foreign bank chose not to honor a subpoena. See id. at p. 4. The government cannot seize property in a foreign country without a Court Order, which the repatriation order would be. The foreign bank has not been subpoenaed. By granting the government's motion to issue Rule 17(c) subpoenas to the defendants for this information, the Court impliedly ruled that the government was entitled to the documents requested. The government is seeking the current orders, in part, because the defendants failed and refused to respond to the Rule 17(c) subpoenas.

authorization, an example of which was included with the government's motion. The government also submits that the language in the ultimate orders issued is completely within the Court's discretion.

Therefore, the Court can treat the government's motion as uncontested, since the defendants do not claim, nor do they cite to any legal authority that would support the claim that the Court is without authority to enter repatriation and restraining orders, or that such orders would be improper under the law or the facts.

                                                  Respectfully submitted,

                                                  BARRY R. GRISSOM
                                                  United States Attorney

                                                  s/ Tanya J. Treadway

                                                  Tanya J. Treadway #13255
                                                  Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following individuals:

| | |
|---|---|
| Lawrence W. Williamson, Jr.<br>218 Delaware, Suite 207<br>Kansas City, MO  64105 | Kevin P. Byers<br>529 E. Town Street, Suite 200<br>Columbus, OH  43125-3456 |
| Eugene V. Gorokhov<br>1739 Clarendon Blvd.<br>Arlington, VA  22209 | David Phillip Leon<br>1540 N. Broadway, Suite 101<br>Wichita, KS  67214 |

                                                  s/  Tanya J. Treadway
                                                  Tanya J. Treadway #13255
                                                  Assistant United States Attorney

## REVIEW OF CLAIMS

| Reviewer | # Claims Reviewed | Provider Upcoded | Service Upcoded with Checklist | Service Upcoded without Checklist | Denied Outright | Not Legible |
|---|---|---|---|---|---|---|
| Medicaid | 1094 | 30% | 20% | 26% | | |
| First Guard | 626 | 53% | 22% | 32% | | |
| Medicare | 482 | 37% | 41% | 65% | 12% | |
| Blue Cross | 692 | 33% | 59% | 70% | | |
| PHS | 591 | 39% | 47% | 63% | | |
| Jorgensen | 1275 | 30% | 24% | 93% | | 42% |



GOVERNMENT EXHIBIT 1-Q-2 07-10234-MLB