IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No.  07-10234-01, 02 |
| | ) | |
| STEPHEN J. SCHNEIDER and | ) | |
| LINDA SCHNEIDER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on the government's and defendants' motions for reconsideration.  (Docs. 790, 791).  On June 22, this court entered an order vacating defendants' convictions on counts 2,3,5 and 7-9.  (Doc. 789).  Defendants' sentences on count 1 were vacated.  Defendants are currently set for resentencing on Count 1 on September 24, 2015.

**Analysis**

The government moves for reconsideration of this court's decision on counts 2,3,5 and 7-9.  The court vacated those convictions because the instructions issued to the jury concerning the "death results" sentencing enhancement were erroneous.  See Burrage v. United States, 134 S. Ct. 881 (2014).  The government contends that the court should instead vacate the sentences on those counts and enter judgment against defendants on the lesser included offenses and resentence defendants.

In support of its position, the government cites to United States v. Burrage, 747 F.3d 995, 998 (8th Cir. 2014).  Upon remand from the Supreme Court, the Eighth Circuit instructed the district

court to enter judgement on the lesser included offense and set aside the conviction of possession with intent to distribute which resulted in death.  Defendants do not cite any authority in opposition to the government's motion nor do they contest the government's position that unlawful drug dispensing and health care fraud are lesser included offenses of counts 2,3,5 and 7-9.

The court's decision to set aside defendants' convictions and sentences was based upon the erroneous instruction concerning the sentencing enhancement.  There is no doubt that the jury rightfully concluded beyond a reasonable doubt that defendants committed the lesser included offenses of health care fraud and unlawful drug dispensing.  Notably, the Tenth Circuit has affirmed defendants' convictions.  United States v. Schneider, 704 F.3d 1287, 1291 (10th Cir. 2013).[1]

Therefore, the government's motion for reconsideration is granted.  The court will enter judgment finding defendants guilty of the lesser included offenses of unlawful dispensing in counts 2,3,5 and health care fraud in counts 7-9.  The court will sentence defendants on those lesser included offenses on September 24, 2015.

Finally, defendants move for reconsideration of the court's decision on count 4.  Defendants contend that Dr. Parran testified that Robin G. overdosed on Fentanyl and Valium.  Therefore, defendants assert that the government did not prove beyond a reasonable doubt that defendants' illegal dispensing of Fentanyl was the "but-for" cause of Robin G's death.  The court disagrees.  As cited in the

---

[1] The Burrage decision was issued after the Schneider appeal and concerns only the death results sentencing enhancement.

court's order, the government presented evidence through Dr. Oeberst that Robin G died of a Fentanyl overdose. (Doc. 788 at 26). Therefore, this was sufficient to establish that Fentanyl was the "but-for" cause of Robin G's death. Defendants' motion for reconsideration is denied.

### Conclusion

The government's motion for reconsideration is granted. (Doc. 790). Defendants' motion for reconsideration is denied. (Doc. 791).


IT IS SO ORDERED.

Dated this ___15th___ day of September 2015, at Wichita, Kansas.


s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-3-