IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Crim. No. 07-10234-01, 02-JTM
                                             Civ. No.  18-1003-JTM

STEPHEN J. SCHNEIDER and
LINDA SCHNEIDER,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on defendants' motions under 28 U.S.C. § 2255 to vacate their sentences (Dkts. 837, 839), and on other related motions (Dkts. 838, 840). A review of the case shows that these are defendants' second or successive § 2255 motions, and as such the court has no jurisdiction to rule on them.

**I. Background**

Defendants were charged by a third superseding indictment (Dkt. 414) with numerous offenses, including conspiracy, illegal dispensing of prescription drugs, health care fraud, and money laundering. After an extensive trial, a jury returned guilty verdicts on most of the counts, including charges that defendants' conduct resulted in the death of some of their patients. Stephen Schneider was sentenced to a controlling term of 360 months imprisonment; Linda Schneider was sentenced to a controlling term of 396 months imprisonment. (Dkts. 558, 560). The Tenth Circuit affirmed the judgment on direct appeal. (Dkt. 724).

On June 16, 2014, defendants timely filed motions to vacate sentence under 28 U.S.C. § 2255. (Dkts. 759, 761). The motions raised a multitude of claims. The district court appointed counsel to represent the defendants. (Dkt. 778). On June 22, 2015, Judge Monti L. Belot granted the motions in part, finding that an intervening decision by the U.S. Supreme Court, *Burrage v. United States*, 134 S. Ct. 881 (2014), clarified the standard for when a death "results from" a violation of the drug or health care laws, and it meant the jury had not been instructed under the proper standard as to that element. Accordingly, Judge Belot initially vacated defendants' convictions on Counts 2, 3, 5, 7, 8, and 9, and he vacated the sentence on Count 1. Upon reconsideration, however, he concluded the convictions on the foregoing counts were in fact valid because the jury necessarily found defendants guilty of lesser included offenses. As such, he found defendants were only entitled to resentencing on those counts. (Dkts. 789, 800). Judge Belot denied all of defendants' other claims. (Dkt. 789 at 33-43). Defendants were accordingly resentenced by Judge Belot, but both were ultimately resentenced to the same controlling terms (360 months for Stephen Schneider and 396 months for Linda Schneider) as before. Defendants filed a direct appeal of the resentencing judgments, but the Tenth Circuit affirmed. (Dkt. 833). The mandate was entered December 28, 2016. (*Id*).

**II. Discussion**

Defendants filed a second round of § 2255 motions on January 4, 2018. (Dkt. 837, 839). The issues raised by the motions include: prosecutorial misconduct prior to trial in obtaining a search warrant and indictments; prosecutorial misconduct at trial; improper

use of unreliable expert testimony at trial; and ineffective assistance of counsel for failing to object to prosecutorial misconduct at trial and on appeal.

A second or successive § 2255 motion must be certified by a panel of the appropriate court of appeals to contain: 1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(1) & (2). A district court does not have jurisdiction to address the merits of a second or successive § 2255 claim until the Tenth Circuit Court of Appeals has granted the required authorization. *In re Cline*, 531 F.3d 1249, 1258 (10th Cir. 2008). In these circumstances, a district court may transfer the motion to an appellate court if it is in the interests of justice to do so, or it may dismiss the motion for lack of jurisdiction. *See Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In this instance, the court concludes the motion should be dismissed, as there is no concern that dismissal gives rise to a time bar, no showing has been made that the claims likely have merit, and defendants should have been aware that a second § 2255 motion required authorization by the Circuit.

4

**IT IS THEREFORE ORDERED** this 14th day of February, 2018, that defendants' motions pursuant to 28 U.S.C. § 2255 to vacate sentence (Dkt. 837, 839), and their related motions (Dkt. 838, 840), are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. A Certificate of Appealability under Rule 11 is DENIED.

                                           ___s/ J. Thomas Marten_____
                                           J. THOMAS MARTEN, JUDGE